CASE 35—ROAD CASE—FEBRUARY 22.

# Rawlings, &c., v. Biggs.

### APPEAL FROM GREENUP CIRCUIT COURT.

1. IN A PROCEEDING TO OPEN OR ALTER A ROAD where a writ of *ad quod damnum* is awarded for the purpose of fixing the compensation for land over which it was proposed to run the road, the value fixed by the jury must prevail, the proceeding being regular, and while the court may refuse the application, if it is of opinion that the value is too high, it can not fix a different value, or set aside the inquest for that reason.

2. IN DETERMINING WHETHER THE ROAD SHALL BE OPENED AT THE COST OF THE APPLICANT, or at the cost of the county, or what proportion of the cost each shall pay, the court is invested with a large discretion, and may look to the financial condition of the county, as well as to the ability of the applicant, and also to the benefits to be derived by others. The cost includes the sum to be paid the owner, as well as the officer's fees, and such other costs as pertain to the proceeding.

3. THE PROCEEDINGS IN ROAD CASES ARE PURELY APPELLATE, and the circuit court must either affirm or reverse the case upon the evidence before the county court.

   The county court in this case having refused to open the road, it was error for the circuit court to establish the road on condition that the applicant pay a greater sum than the jury awarded, and thereafter to dismiss the appeal. The circuit court, if of opinion that the road should be established, will reverse the case, with directions to pay to the owners the compensation fixed by the jury, the amount to be paid by the applicant or by the county, or apportioned between them, as the county court may, in its discretion, adjudge.

B. F. BENNET FOR APPELLANTS.

1. The verdict of the jury as to damages was final, and the county court had no authority to hear testimony upon that subject. The court should have overruled the exceptions, and sustained the verdict of the jury. (Sanders v. McCracken, Hardin, 259; McCauley v. Dunlap, 4 B. M., 58; Bibb v. Montjoy, 2 Bibb, 4; Henderson & Nashville R. R. v. Dickerson, 17 B. M., 177.)

2. It was error to require that the several amounts adjudged to Biggs should be paid to him before the road should be established. (Gashweller's Heirs v. McIlvoy, 1 A. K. Mar., 85; Jackson, &c., v. Winn's Heirs, 4 Litt., 328.)

3. The county court abused its discretion in requiring one of the appli-

cants to pay the whole of the assessed damages and costs. (Gen. Stats., chap. 94, secs. 16 and 17; Commonwealth v. Bainbridge, 6 J. J. M., 437; Hawkins v. Robinson, 5 J. J. M., 10; Commonwealth v. Thompson, 4 Bibb., 231.)

4. The appellee must be required to pay the costs of the writ, as the finding of the jury gives him less than the viewer's report, which he refused to accept. (Gen. Stats., chap. 94, sec. 16.)

5. As the circuit court reversed the judgment of the county court refusing to establish the road, it was error to adjudge against one of the applicants the costs of the whole proceedings. (Helm, &c., v. Short, &c., 7 Bush, 629; Hawkins v. Robinson, 5 J. J. M., 9.)

6. It is the duty of this court to point out any error of law in either of the lower courts, and issue its mandate to the circuit court, requiring that court to remand the case to the county court, with directions to correct the errors. (Bennet v. Bryan, MS. Op., Sept. 22, 1880.)

E. F. DULIN FOR APPELLEE.

1. This appeal is barred as to such orders and judgments as were rendered more than two years before the appeal was granted.

2. The court is authorized to hear proof in such cases to show error of the jury in assessing damages. (Gen. Stats., chap. 94, art. 1, sec. 12; Winston v. Wagoner, 5 J. J. M., 41.)

3. The circuit court had a judicial discretion to require the road to be opened on terms and conditions. This power is expressly given to the county court, and when the case gets to the circuit court that court has all the power the county court has. (Thurman v. Emmons, 4 Bibb, 279; McIlvoy v. Speed, *Ibid.*, 85-87.)

4. This court can reverse only for errors in the circuit court, and not for errors in the county court. (Gen. Stats., chap. 94, art. 1, sec. 43.)

5. Authorities commented upon : Hardin, 259; 4 Litt., 328; 6 J. J. M., 437; 4 Bibb, 231.

SAME COUNSEL IN PETITION FOR REHEARING AND FOR MODIFICATION OF OPINION.

1. The jury in assessing damages should be required to hear such evidence as either the applicant or the owner of the land may offer, and not be confined alone to their own view.

2. The county court, upon exceptions to the report and inquest, should be allowed to hear other testimony, and determine therefrom whether the report and inquest are just and ought to be affirmed. And if that court should be of opinion that the report and inquest are not just, it should set them aside and order another jury. (Gen. Stats., chap. 94, art. 1, sec. 11.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment of the circuit court dismissing an appeal from a judgment of the county court, refusing to establish a public road on the application of the appellant, and also an appeal from previous judgments rendered in the case that are final.

The statute provides that a writ of *ad quod damnum* shall be awarded, if desired by the owner of the land, and a jury impaneled to fix the compensation for the land taken, additional fencing necessary, and the damage to the residue beyond the peculiar benefits to the residue from the establishment of the road.

This provision of the statute is intended to apply when the owner or proprietor declines to accept the value found by the court, or when the owner, as a matter of right, demands the writ. This inquest as to the value is binding on all the parties, the county as well as the owner, and can not be assailed for the purpose of having another jury, except for some irregularity that would render the proceeding in the county erroneous. If the jury should fail to make the inquiry provided by the statute, the proceedings would be liable to objection, or if the panel should be composed in part of those who were related to the parties, or was not a jury of free-holders, in such a state of case the motion to set aside the verdict and have another jury impaneled should be entertained; but where the proceedings are regular and the statute complied with, the value and damages as fixed by the jury must prevail, if the road is established. For this reason, among others, the power to pass on the question of

damages by the court is denied, and the owner given the right, that can not be denied him, of having a jury ascertain the damages.

"The court shall, upon the report, inquest and other evidence, determine whether the road shall be established." (Section 11, article 1, chapter 94, General Statutes.)

The value fixed upon the land may be too low or two high in the opinion of the court, and, therefore, unjust to the owner of the land, and for that reason the application may be refused; but no investigation can be made by the court with a view of fixing a different estimate, or of setting aside the inquest and ordering another, when there is no irregularity in the proceeding. The case is then finally heard, and must be disposed of by either establishing the road or rejecting the application, unless withdrawn by the applicant. If other proceedings are had they must begin *de novo*.

When the case is heard, the court, by virtue of the seventeenth section of the statute (General Statutes, chap. 94, art. 1), may open the road at the cost of the applicant, or require him to pay a part of the costs only, or the county may be required to pay all the costs. The costs includes the sum to be paid the owner as well as the officer's fees, and such other costs as pertain to the proceeding.

The county judge is necessarily invested with a large discretion in the exercise of his judgment in such cases. He may look to the financial condition of his county, as well as the ability of the applicant to pay the damages, and the justice or injustice of requiring him to pay the cost when the opening of the road is as beneficial to others as to the party applying.

Rawlings, &c., v. Biggs.

The objection to this case is that the judge of the circuit court, to whom was submitted the law and the facts, has undertaken to pass on the question of damages, and disregarded the verdict of the jury on the writ of *ad quod damnum.* Each party has had his day in court on that question, and unless there was some provision in the statutes for a trial *de novo*, and the empaneling of another jury, the damages have been already ascertained.

The proceedings in the circuit court are purely appellate in this proceeding under the General Statutes, and the circuit court must either establish or decline to establish the road upon the evidence before the county court, and with this evidence is the verdict of the jury fixing the damages. He cannot make the establishing of the road depend on the payment of a larger sum than that fixed by the jury. He must either affirm or reverse the case, and if the county court declines to open the road and the circuit court should be of a different opinion, he will reverse the case, with directions to pay to the owners the compensation fixed by the jury, the amount to be paid in whole or in part by the applicant, or the whole by the county, as the county court may, in its discretion, adjudge. For these reasons the judgment of the circuit court dismissing the appeal is reversed, and also the judgment prior thereto establishing the road on conditions that the applicant pay a greater sum in damages than the jury awarded. When the case returns, the viewers having reported and an inquest had, the circuit judge, upon the evidence, including the inquest and report, will proceed to affirm or reverse the judgment of the county court refusing to establish the road, and for proceedings consistent with this opinion.