## Rowe v. Alexander, County Attorney.

(Decided December 16, 1913).

### Appeal from McLean Circuit Court.

1. **Roads—Opening.**—The Fiscal Court has no authority to open a public road. This power is lodged exclusively in the county court under sections 4287-4300 of the Kentucky Statutes.

2. **Roads—Repair and Supervision of in Fiscal Courts.**—After a road has been opened, the authority to repair and supervise it passes from the county court to the fiscal court and the county court loses jurisdiction to expend any of the public funds in repairing the roads.

3.  Roads—Fiscal Courts—Have No Authority to Make Allowance for Work Done on Roads Unless Contract is Made in Advance.—A fiscal court has no authority to make an allowance to a party for working on one of the public roads of the county unless the work is done under a contract with or by direction of the fiscal court.

4.  Counties—Not Liable on an Implied Contract.—A county cannot become indebted for services rendered or upon an implied assumpsit.

W. A. TAYLOR, R. P. ROWE for appellant.

R. ALEXANDER, JOE H. MILLER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The fiscal court of McLean county, at its regular term in 1912 allowed the appellant, Rowe, $759 to pay him "for making and maintaining the West Island road and the further consideration that the said R. P. Rowe agrees to give to the county his private road through his farm when said order is issued to him. Said road that the said R. P. Rowe agrees to give leads from the New Island and Sacramento road to Wood's coal mine. Said road to be kept open the width of 30 feet. Payable out of the general funds of the levy of 1913."

Alexander, as county attorney, objected to this allowance, and, upon his objection being overruled, prosecuted an appeal to the circuit court, and that court, after considering the case, found that the fiscal court should not have allowed Rowe anything on his claim and adjudged that the order of the fiscal court making the allowance should be set aside and held for naught. From this judgment Rowe appeals.

The county attorney insisted in the lower court, and makes a like argument here, (1) that the fiscal court had no jurisdiction to make the appropriation; (2) that the McLean county court established the West Island road, which is the same road the appropriation was made by the fiscal court for making and maintaining and that the order of the county court establishing the road provided that the petitioners, of whom Rowe was one, should pay all the costs and damages incurred in opening it, and this judgment of the county court concluded the fiscal court from making the allowance complained of.

For answer to this, the appellant, Rowe, admitted that the county court established the West Island road,

but denied that the $759 appropriated by the fiscal court was for making or maintaining this road. He further set up that after the Sacramento and West Island road had been established and all damages and costs incurred therein had been paid, he was appointed by the county court as its commissioner to open these roads and put them in good condition for travel, and did so at an expense out of his private means of over $1,500, in which sum the county became indebted to him, and the fiscal court in settlement of this indebtedness made the appropriation mentioned; and was further influenced to do so by the fact that he agreed to give to the county the private road through his farm mentioned in the order of the fiscal court making the allowance. He filed with his answer an itemized statement showing the money he expended in opening and maintaining the road for which the appropriation was made.

It will be observed that the order of the fiscal court making the appropriation recites that it was made to pay Rowe for making and maintaining the West Island road and also in consideration of his agreement to give to the county a private road through his farm described in the order, but the order does not state how much was appropriated for each of these purposes. The legal question arising on the record as we understand it is this: has the fiscal court power to make an appropriation to a citizen for work done on a public road that he was not ordered or directed to do by the fiscal court, and has it the right to make an appropriation to a citizen to pay him for a private road that he agrees to present to the county as a public road before any order of the county court has been made accepting the proposition to convert the private road into a public road.

Taking up first the question of the power of the fiscal court to make an allowance to a citizen for working a public road before he has been ordered or directed to do the work by the fiscal court, or any contract looking to the execution of the work has been entered into, we find that section 1840 of the Kentucky Statutes gives in a general way to the fiscal court the control of the public roads of the county, and expressly provides that it may make appropriations to keep them in good condition. So that there can be no doubt of the jurisdiction and authority of the fiscal court to appropriate public funds that it may rightfully use for this

purpose in maintaining the public roads of the county; but this is far from giving the court the right to appropriate money for work done on public roads before the court has made any order or direction that it shall be done or entered into any contract for this purpose. It would be a very loose method of transacting business if the fiscal court should be allowed to appropriate the public funds to any citizen of the county who thought it proper or necessary to improve the condition of one of the public roads of the county before any contract or arrangement had been made with the fiscal court under which the work should be done.

A practice like this would, in a large measure, put the fiscal court and the funds at its disposal under the control of any citizens of the county who might, for their own convenience or interest, decide to work the public roads, and the money at the disposal of the fiscal court, in place of being expended on such roads and in such manner as the fiscal court might direct, would be applied as best suited the interest of the citizens who saw proper to take the matter of working the roads in their own hands.

While admitting the force of this position, it is nevertheless contended that as the fiscal court might in the first instance have contracted with Rowe to do the work he did do, it had authority to accept it and pay him for it after it was done, although no contract was made in the first instance. To legalize this method would in a practical way have substantially the same effect as if the roads of the county were turned over to the citizens to be worked by them at such times and places as they chose, because there are few fiscal courts that could resist the importunities and influences that might be brought to bear by the combined efforts of citizens who undertook to control the working of the road and the investment of the funds of the county for this purpose. The members of the fiscal court ought not to be subjected to the embarrassment of a situation like this. They ought to be free to take the initiative in road work and to make contracts in advance for such work as in their judgment is needed. In short, the fiscal court can not, except in cases of emergency, allow any claim for road work not made by its authority or under its direction.

This was the effect of the decision of this court in Perry County v. Engle, 116 Ky., 594. In that case En-

gle, without being directed by the fiscal court so to do, did work on a county road amounting to several hundred dollars. He claimed to have done the work by direction of a commissioner appointed by the county judge to have the work done, and filed his claim under the contract with the fiscal court, where it was rejected. He then appealed to the circuit court and succeeded in establishing his claim. On the appeal of the county, we said that neither the county judge nor any commissioner appointed by him had authority to make contracts concerning the repair of public roads, and that the action of the county court in appointing the commissioner, as well as the act of the commissioner in letting the work to Engle, was void. We further said that Engle was bound "at his peril to know the extent of the authority of an agent of the county in contracting with him. All persons must take notice that a county can contract only in the manner and by the person and for the purposes expressly provided by the statute," and ordered the entry of a judgment for the county.

In Floyd County v. Allen, 137 Ky., 575, Allen presented a claim to the fiscal court for material and labor furnished by him in improving a public highway. He claimed that the improvement was made under a contract with the county judge and one of the magistrates of the county. In holding that Allen could not compel the fiscal court to pay the claim, as it had not authorized the work to be done, we said:

"To permit the citizen to select his own time, place, and manner, even with the advice and consent of one or two of the officials, in which to furnish material and labor for needed repairs or improvements on a public highway of the county and hold the county responsible for the price charged, upon the ground that it had been benefited thereby, would be ruinous to the county and have the effect to supersede the powers of the fiscal court whose duty it is under the law to manage such affairs."

The argument is further made that as the county received the benefit of the services of Rowe, he should be paid the reasonable value thereof, upon the theory that the law will raise an implied contract to pay for the value of services which have been accepted. This rule of law, however, has no application to municipal bodies and the county cannot become indebted for services

rendered it upon an implied assumpsit: McDonald v. Franklin County, 125 Ky., 205; Owen County v. Walker, 141 Ky., 516; City of Louisville v. Parsons, 150 Ky., 420.

As before stated, the order of the fiscal court does not show how much was allowed Rowe for the private road it recites he gave to the county, but whatever the amount of this allowance, the fiscal court was not authorized to make it. It seems that the statute confers upon the county court exclusive jurisdiction to open public roads, as may be seen by an examination of sections 4287-4300 of the statute, where the legislature has elaborately set out the method by which new roads may be opened. Section 1840 and section 4306 give to the fiscal court general charge and supervision of the public roads of the county, but this evidently means such roads as have been opened by the county court or have been accepted in some appropriate manner by the county. After the road has been opened, the authority to repair and supervise it passes from the county court to the fiscal court, and the county court loses jurisdiction to expend any of the public funds in repairing the road.

But when it comes to opening a road in the first instance the jurisdiction is in the county court alone. It is also provided in section 4299 that "The court may open or alter a road on condition that all or a part of the sum required to be paid to the owner and tenant, and the cost of procedure, shall be paid by the applicants, or on condition that the applicants wholly or in part open or alter the road; but if the court be of the opinion that such sum or sums and the cost of the proceedings shall be paid by the county, it shall order the same to be paid to the person or persons entitled thereto."

So that under this and other sections relating to roads, when the county court orders a road to be opened it may do so upon condition that the whole of the cost and expense shall be paid by the applicants, or a part of it shall be paid by them and a part by the county, or it may put the entire charge on the county. When, therefore, a county road is ordered to be opened by the county court, the county court should fix the amount of compensation to be paid by the applicants or by the county, as the case may be, and that part that is to be paid by the county, the fiscal court, upon presentation of the order of the county court, must make provision for the payment of. Rawlings v. Biggs, 85 Ky., 251.

It seems, however, that in this case the fiscal court undertook to make an appropriation to Rowe for the purchase of a private road owned by him which it seems he agreed to convert into a public road. This was in effect the opening of a road by the fiscal court, and this it was without authority to do.

It does not appear from the order of the fiscal court that the county court had ever taken any action in respect to this new road, or that it had ever been dedicated to the county for public use. All that appears in the order is that Rowe agreed to give a road, and it is shown by the evidence that this road that Rowe proposed to give was a private road or passway owned by him which he desired to have converted into a public road that would be a charge on the county. To do this it was necessary that the county court should have taken such action as was necessary to have this road opened as one of the public highways of the county.

We think the judgment of the lower court was correct and it is affirmed.