## Music v. Big Sandy and Kentucky River Railroad Company.

(Decided March 18, 1915.)

### Appeal from Johnson Circuit Court.

1. **Eminent Domain—Proceedings to Take Property and Assess Compensation—Evidence as to Compensation.**—Upon a proceeding to condemn land for railroad right-of-way purposes, it is competent for condemnor to show in evidence the fair market value of lands in the same community as those sought to be condemned. If the land sought to be taken is more valuable than other similar lands in the community, that fact may be shown by the owner, thus destroying the force of the testimony concerning values in the community generally.

2. **Eminent Domain—Proceedings to Take Property and Assess Compensation—Appeal—Review.**—The verdict of the jury in a proceeding to condemn private property for railroad purposes will not be disturbed on appeal unless flagrantly against the weight of the evidence.

3. **Eminent Domain—Proceedings to Take Property and Assess Compensation—Costs.**—The costs in the county court in an eminent domain proceeding must be paid by the condemnor regardless of whether there was an appeal from the judgment of the county court, and without reference to which party was successful upon the appeal, in reducing or increasing the compensation.

J. F. BAILEY and FOGG & KIRK for appellant.

H. S. HOWES and C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The Big Sandy & Kentucky River Railroad Company instituted in the Johnson County Court a proceeding to condemn a strip of land for right-of-way purposes through the farm of John Music, appellant herein, having been unable to agree with him upon compensation therefor. The commissioners appointed by the county court awarded the landowner a total sum of four thousand dollars. He and the railroad company both filed exceptions to the report of the commissioners; and upon a trial thereof in the county court, the jury's total finding was $2,500. Music appealed to the circuit court, where a trial resulted in a verdict fixing his compensation and damages at $2,300. He appeals from the judgment entered upon this verdict.

The farm owned by Music lies on Jennies Creek, and comprises nearly four hundred acres, of which only a small portion, probably twenty-five acres, is creek bottom land, the remainder being hill land. The railroad right-of-way runs through the farm in approximately the same direction as the creek, i. e., up the creek valley, and there is about five acres of the land taken.

1. Appellant contends that the trial court erred in permitting appellee to show by its witnesses the fair market value per acre of lands in that community, and the fair market value per acre of the bottom lands apart from the whole tract in connection with it.

The measure of damages for property taken, injured or destroyed under power of eminent domain in Kentucky, where part of the tract is taken, is the fair market value of the part taken, considering it in relation to the entire tract, together with such other direct damages as result to the remainder of the tract by reason of the situation in which it is left by the taking of the part in question, and by reason of such improvements, additional fencing, etc., as may be rendered necessary by the taking of the part, in the establishment of new means of egress and ingress, and otherwise necessary for the reasonable enjoyment of the remainder of the tract; but such direct damages shall not exceed the difference between the fair market value of the whole tract immediately before the taking and the fair market value of the remainder immediately after the taking. Indirect or consequential benefits may not be deducted from the direct damages; but, if they exceed the indirect or incidental damages resulting from a prudent construction and operation of the railroad, they do not affect the amount of the recovery; but if the indirect or incidental damages resulting from a prudent construction and operation of the railroad do exceed the consequential benefits, there may be included in the recovery such excess of incidental damages over consequential benefits. Big Sandy Ry. Co. v. Dils, 120 Ky., 563, 27 R., 952, 87 S. W., 310; L. & N. v. Hall, 142 Ky., 497, 136 S. W., 905; Broadway Coal Mining Co. v. Smith, 136 Ky., 725, 125 S. W., 157, 26 L. R. A. (N. S.), 565.

Inasmuch as the recovery for direct damages is limited by the difference between the fair market value of the whole tract before the taking, and the fair market value of the remainder after the taking, we think tes-

timony concerning the value of lands in that community
was relevant, as well as that relative to the value of the
bottom lands apart from the remainder of the tract;
and the court properly overruled appellant's objections
to the admission of this testimony. The value of similar
properties in the same vicinity was relevant to the is-
sues presented. City of Paducah v. Allen, 63 S. W.,
981, 23 R., 701. If appellant's farm was of such char-
acter as to render it more valuable than other similar
lands in that community, appellant could show that fact
and thus destroy the force of the testimony of which
complaint is made.

2. Appellant's serious contention is that the verdict
is against the weight of the evidence.

Upon the issues as to the amount of compensation to
which appellant was entitled, the evidence was conflict-
ing, and sharply so. Appellant himself, for instance,
testified that the market value of his farm before the
taking was $21,000, and that the fair market value of the
remainder, after the taking, was $10,500; while the last
witness introduced by appellee testified that the value of
appellant's farm before the taking was $6,000, and that
after the taking it was $21,000, and this witness, on the
witness stand, offered to pay defendant the last-men-
tioned sum therefor. This offer was, of course, incom-
petent, and the court properly excluded it from the jury.
It is referred to here merely as illustrating the wide
difference of opinions of the witnesses as to values.

Upon the amount of damages, the appellant has the
advantage in the number of witnesses, and all his wit-
nesses fix the damages at a much greater sum than that
fixed by the jury; but a number of witnesses for appellee
testified that the farm was of the value of $10,000 before
the taking; in other words, about the same as appellant
valued it at after the taking. These witnesses also tes-
tified that the value of the strip taken was $500 to $750.
Some of them testified that the farm was of greater value
after the taking than before.

The jury was of the vicinage, and while they were re-
quired to be guided by the evidence, they were under no
necessity of simply comparing the number of witnesses
on each side and rendering a verdict according to the
numerical superiority thus exhibited. It was their pe-
culiar province to weigh all the testimony and to recon-
cile the differences of opinion as to values, and in the

domain of fact their finding is conclusive. They viewed the premises themselves, and their verdict was within $200 of that of the jury in the county court, the jury in the county court having also had a view of the premises. The weight of the evidence may be in favor of the defeated party, and yet, where there is any evidence to support the verdict, it will not be disturbed on appeal unless it is flagrantly against the weight of the evidence; nor is a mere disparity in the number of witnesses testifying for the respective parties sufficient to justify a finding that the verdict is flagrantly against the weight of the evidence. Eby v. Norris, 128 S. W., 878; Henderson v. City of Lexington, 132 Ky., 390, 111 S. W., 390, 33 R., 703, 22 L. R. A. (N. S.), 20; L. & N. v. White Villa Club, 155 Ky., 452, 159 S. W., 983.

3. By the judgment of the circuit court appellee railroad company was required to pay all the costs in the county court, although adjudged a recovery against appellant for the costs in the circuit court. And from that part of the judgment requiring it to pay the costs in the county court the railroad company prosecutes a cross-appeal.

Appellee insists that as both parties filed exceptions to the report of the commissioners in the county court, and it succeeded in the county court in reducing the amount of damages from $4,000, as fixed by the commissioners, to $2,500, as fixed by the jury in the county court, it should have judgment for its costs accruing after the filing of the report of the commissioners.

The statutes authorizing the condemnation of private property by railroads seems to make no special provision for the payment of the costs in the county court.

In a number of the States the rule is that where the condemnor appeals, the landowner is not liable for the costs on the appeal, even though the condemnor succeeds in reducing the damages awarded, upon the theory that such costs are merely expenses incurred in ascertaining the compensation to which the landowner is entitled, and that as the landowner by the constitution is entitled to just compensation for his property, the expense of ascertaining the amount thereof is not chargeable against him. This, in the absence of a statute to the contrary, would seem to be an equitable and proper rule.

But in this State it has been provided by Section 840, Kentucky Statutes, that if the landowner appeals

and fails to increase the recovery beyond the amount awarded in the county court, he shall pay the costs of the appeal, but if he succeeds in increasing the recovery, the condemnor must pay the costs of the appeal; and that if the condemnor on appeal decreases the recovery, the landowner shall pay the costs of the appeal, while if the condemnor fails to decrease the recovery on appeal, he shall pay the costs of the appeal; but nothing is said in that section concerning the costs in the county court.

Section 839, Kentucky Statutes, provides that when the railroad company seeks to condemn land, and either party appeals from the county court, the company upon the payment of the damages assessed and all costs, may take possession of the land condemned. Inferentially this seems to cast the burden of the costs in the county court upon the condemnor; and this rule is established by the weight of authority in this country.

In Lewis on Eminent Domain, Third Edition, Section 812, it is said:

"It seems to us that courts should be guided by the following principles and considerations in the matter of costs: By the constitution the owner is entitled to just compensation for his property taken for public use. He is entitled to receive this compensation before his property is taken or his possession disturbed. If the parties cannot agree upon the amount, it must be ascertained in the manner provided by law. As the property cannot be taken until the compensation is paid, and as it cannot be paid until it is ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn the property, and he should pay all the expenses which attach to the process. Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional. * * * When the compensation has once been ascertained by a competent tribunal at the expense of the condemning party, the law has done all for the owner which the constitution requires. If the owner is given a right of appeal or review, it may be upon such terms as to costs as the Legislature may deem just." See also note in 36 L. R. A. (N. S.), 624; and note in 1912 C. Ann. Cas., 533; 15 Cyc., 973.

In proceedings to condemn a private passway the costs in the county court are chargeable against the condemnor. Vice v. Eden, 113 Ky., 255, 68 S. W., 125, 24

R., 132, construing Kentucky Statutes, Sections 895 and 4352. And the same rule applies in proceedings to condemn land for a public road. See Kentucky Statutes, Section 4299; Acts 1914, p. 344; Rawlings v. Biggs, 85 Ky., 251, 3 S. W., 147, 8 R., 919; and Broadway Coal Mining Company v. Smith, 136 Ky., 725, 125 S. W., 157, 26 L. R. A. (N. S.), in which latter case, the court said:

"In cases like this the landowner cannot be charged with any costs in the county court although he may file exceptions to the commissioners' report and demand a jury trial."

The trial court properly charged the cost of the proceedings in the county court upon appellee.

Affirmed both on the original and on the cross-appeal.