## Stafford, et al. v. Big Sandy & Kentucky River Railway Company.

(Decided May 11, 1915.)

## Appeal from Johnson Circuit Court.

1. Eminent Domain—Condemnation—Right of Way—Verdict.—In a proceeding to condemn a right-of-way over appellant's land, where the jury viewed the premises about which the witnesses testified concerning its value, we cannot say the verdict was flagrantly against the evidence merely because a greater number of witnesses testified to a value in excess of the jury's verdict, or because the average value, from the testimony of all the witnesses, would exceed the verdict.

2. Appeal and Error—Trial.—Where the court sustained objections to improper conduct of appellee's counsel in the opening statement of the case, and cautioned the jury to disregard the improper statements and no motion was made to discharge the jury, under the circumstances of this case, no cause for reversal is presented.

VAUGHAN & HOWES for appellants.

H. S. HOWES and C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an appeal by the landowner from a $1,600 judgment in proceedings by the Big Sandy & Kentucky River Railway Company to condemn a right-of-way through a tract of land containing about 500 acres. The proceedings were instituted in the county court against Fitzpatrick and wife and the appellants, Stafford and wife. The commissioners awarded Stafford and Fitzpatrick, as joint owners, $1,400 damages by reason of the construction and operation of the railroad. Exceptions were filed to the commissioners' report by the railroad company, and also by Stafford. One of Stafford's objections was the finding that Fitzpatrick was a joint owner. Fitzpatrick took no exceptions to the report. On a jury trial in the county court, the owners were awarded $1,100 as direct damages, and $500 as incidental damages, making a total of $1,600. On appeal to the circuit court the jury awarded the owners $1,600 in damages, and it is from the judgment entered on this verdict that Stafford appeals.

The 500 acres is situated on Jennie's Creek, and about 80 acres of it is bottom land. We understand

from the testimony that the average value of the whole tract, just prior to the building of the railroad, was $25 to $30 per acre, and the bottom land was worth from $100 to $150 per acre. The right-of-way was 40 feet wide, and contains about five acres, and goes through the bottom land.

But two grounds of reversal are urged. First, the verdict is flagrantly and palpably against the weight of the evidence; and, second, misconduct of the attorney for the railroad company in his argument before the jury.

Very few of the witnesses estimated the damages to the land at less than the sum fixed by the jury, and the testimony of some for appellee does not show whether they took into consideration the cost of fencing or changes in farm roads which the building of the railroad necessitated. In fact, there was a conflict in the testimony as to the necessity of some additional fencing and changing of farm roads. The questions propounded to appellee's witnesses relative to the damages were in proper form, and if there was doubt in the mind of appellant's counsel as to whether the witnesses, in making their estimates, had in mind all the elements of damage, these facts should have been brought out by cross-examination. A greater number of witnesses estimated the damages in excess of the amount of the verdict. But the numerical superiority of the witnesses is not the sole guide in weighing testimony. The jury were practical men of affairs, taken from the vicinage; they heard the evidence; were acquainted with the witnesses; they also viewed the premises. This view the better qualified them to apply and understand the testimony respecting the issues. Under such circumstances, we are not disposed to disturb their verdict, for they knew infinitely more about it than we can learn from reading the record. We cannot say the verdict was either flagrantly or palpably against the evidence. Music v. Big Sandy & Kentucky River Railway Co., 163 Ky., 628; Eby v. Morris, 128 S. W., 878; Henderson v. City of Lexington, 132 Ky., 390; 111 S. W., 390; 33 Rep., 703; 22 L. R. A. (N. S.), 20; L. & N. v. White Villa Club, 155 Ky., 452, 159 S. W., 983.

The attorney for the railroad company in his opening statement to the jury made some improper argument; what he said, and the court's rulings, are shown by the bill of exceptions:

"The railway company and Mr. Stafford could not agree as to the amount the railway company should pay him for the right-of-way, and thereupon, under the provision of the statute, the company instituted in the county court proceedings to condemn the right-of-way and to have commissioners to assess the damages that Mr. Stafford was entitled to receive; that these commissioners made a report, showing the amount he ought to receive at $1,400.00. At this point defendant by counsel objected to that part of said argument; the court sustained the objection and instructed the jury not to consider it. After this, said Wheeler stated that the action was tried at the county court by jury, and that this (present trial) is the second trial of this action. The court then said that fact had nothing to do with this trial; the said Wheeler responding to the court, suggested that the matters referred to in his statement were part of the record in this case."

There was no motion to discharge the jury, and the court sustained every objection which the appellant made, and instructed the jury that they must not consider the matters referred to. Under the circumstances disclosed there is no ground for criticising the rulings of the court.

Considering the whole case, the judgment is affirmed.