## Noe v. Kirtland.

(Decided June 23, 1922.)

### Appeal from Marion Circuit Court.

1. Counties—Construction of Highways—Jurisdiction of County Court. —A county court has jurisdiction to decline to undertake the

opening or construction of new roads or passways, and no appeal lies from its decision not to undertake such work.

2. Counties—Construction of Highways—Appeal and Error.—If a county court decides to undertake the work of opening or constructing a road, its orders thereafter are subject to appeal in such cases as are covered by sections 950 and 978, Kentucky Statutes.

3. Overruled Cases.—In so far as the cases of Gratzer v. Gertison, et al., 181 Ky. 626, and Wolfe, et al. v. Bailey, et al, 184 Ky 481, conflict with the foregoing rule they are overruled.

S. A. RUSSELL and BEN SPALDING for appellant.

H. S. McELROY, W. H. SPRAGGENS and C. C. BOLDRICK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant G. C. Noe and one hundred and twenty-one other citizens and taxpayers of Marion county filed on September 27, 1920, with the county court of that good county a petition asking an alteration of the county road leading through the narrows from the north fork of Rolling fork river to the south fork thereof, over the lands of appellee Kirtland, a distance of approximately one mile. Viewers were immediately appointed by the court to view the proposed change of road who surveyed it and reported to the court its location, length, the names of the landholders or tenants affected by the proposed change, the amount of land necessary to be taken for the proposed change, its value and the consequential damages sustained by the landowners to the balance of their lands by the establishment of the road, the cost of fencing, etc. Very soon the viewers and surveyors appointed by the court met on the ground of the proposed change of road, surveyed it and made a written report to the court of the advantages and disadvantages which in their opinion would result from the establishment and maintenance of said change. Said viewers made and filed a map showing the proposed change of road. In said report it is shown that 1¾ acres of land will be taken for the road, the value of which was fixed at $150.00; fencing 240 rods $250.00; for inconveniences $1,000.00; building road $1,-000.00. After reviewing the situation the report states that ''the county would not be warranted in incurring the expenses of making a good road on the portion of the road to be changed unless the remainder of said road was greatly improved. We do not recommend the open-

ing and change of said road as proposed in the petition and as surveyed and reported herein.'' After the filing of said report by the viewers the petitioners, Noe and others, filed exceptions to the report. They also moved the court to set a day for hearing the parties interested, which motion the court overruled, and appellants excepted. The order then recites: ''The court having personally examined the proposed work and alteration petitioned for, and having considered of the viewers' report filed herein, is of opinion that the interest of the county and the general public will not be furthered by the proposed change, and declines to undertake said work, to all of which the petitioners object and except. Amended exceptions were filed showing that the proposed road could be constructed for much less than the sum shown by the commissioners' report. The county court again overruled the motion of appellants to fix a day for the hearing of the exceptions, and dismissed the action.

It is said by appellees that no appeal lies from the judgment of the county court declining to undertake the work as provided in section 4301 Kentucky Statutes. Said section appears to bestow upon the county court the right to determine whether a public enterprise, such as opening or changing a public highway, shall or not be undertaken by the court. The road may be needed but be too expensive for the county in its then financial condition. The section, however, provides ''If the court decides to undertake the proposed work the county judge shall appoint a day for hearing the parties interested,'' after such persons have been duly summoned.

Again, in section 4302, it is provided: ''But when such compensation shall be so ascertained it shall be at the option of the county court to pay the same or abandon the proposed undertaking.''

Reading the sections of the statute together we are constrained to the view that the county court has absolute power to undertake or reject any proposed alteration or change in a public highway for which it has been petitioned; and if it rejects such proposal on account of the inadvisability and want of need for such alteration, the decision is final and from which judgment no appeal lies, but if the county undertakes the work an appeal lies from all final orders involving such easement, as provided in sections 950 and 978, Kentucky Statutes, 1922. Indeed we are of opinion after careful consideration of the several acts affecting public roads and pass-

ways and general statutes granting appeals in such cases, that either party to a public road case, when it is sought to condemn lands for the road or passway (section 978), and in all cases where the title to land or an easement therein is directly involved, may prosecute an appeal from the county court to the circuit court and from that court to this court, notwithstanding what has been said in the cases of Gratzer v. Gertisen, et al., 181 Ky. 626, and Wolfe, et al v. Bailey, et al., 184 Ky. 481, on the subject of appeals in road cases.

As the county court had and exercised a discretion and power to determine not to undertake the work of altering the road described in the petition, no appeal would lie from such decision. It should, however, be understood that an appeal can be taken in any road case coming within the provisions of sections 950 and 978, Kentucky Statutes.

For the reasons indicated the judgment is affirmed with directions to dismiss the petition.

Judgment affirmed. Whole court sitting.