## Roberts, County Judge et al. v. Taylor et al.

(Decided December 4, 1928.)

### Appeal from Wayne Circuit Court.

1. Counties.—Proposed contract whereby county was to lease turnpike from turnpike company at specified rental for 10 years, after which company should convey turnpike to county without further payments than rentals previously paid, held nothing more than a contract of purchase.

2. Statutes.—Since title of Acts, 1914, c. 80, sec. 89 (Ky. Stats., 1915, sec. 4356s), entitled "An act defining public roads; providing for their establishment, regulation, use and maintenance, . . ." clearly embraces the entire subject relating to establishment of public roads, it was not essential to also state therein what former acts on that subject were repealed by the act, and the express repeal therein of Ky. Stats., 1922, sec. 1886, authorizing fiscal courts to purchase turnpikes, was valid.

3. Turnpikes and Toll Roads.—Ky. Stats., sec. 4734, authorizing any fiscal court to subscribe not exceeding $1,250 per mile to capital stock of turnpike roads, and sections 4748b-1–4748b-16, providing for submission to vote of people on proposition to free turnpikes and procedure to be followed, do not authorize fiscal courts to purchase turnpikes.

4. Turnpikes and Toll Roads.—Ky. Stats., sec. 1840, empowering fiscal court of county to provide for good condition of highways in county, refers to public highways established by the county courts, and does not apply to toll turnpikes not established by county court, in view of section 4287.

5. Turnpikes and Toll Roads.—Under Ky. Stats., secs. 4301, 4302 (Acts 1914, c. 80, secs. 15, 16), establishment of public roads is exclusively within the jurisdiction of the county court, and fiscal court, though having entire control and supervision of such roads after they are established under other sections, is without power to purchase a toll turnpike, but such purchase must be made by county court subject to approval of fiscal court.

BERTRAM & BERTRAM for appellants.

VIRGIL P. SMITH for appellees.

Opinion of the Court by Judge McCandless—
Affirming.

By an order entered of record on December 6, 1926, Wayne county fiscal court appointed A. Casteel, W. L. Baker, and O. B. Bertram commissioners to confer with the Shearer Valley Turnpike Company with reference to the county's leasing the pike of that company for the

benefit of the traveling public. At the regular February, 1927, term of the fiscal court, the following order, which was adopted by a vote of four to two, was passed and entered of record:

"On motion of P. R. Edwards, seconded by L. T. Denney, it is hereby ordered that Wayne county lease the Shearer Valley turnpike road for a term of 5 years at a price of one thousand ($1,000.00) dollars per year payable annually, said amount to be paid by the road tax collected from voting precincts Nos. 1 and 2, with privilege to renew this lease for a like term at the price of ($1,400.00) understanding, at the expiration of the end of said renewal, the said turnpike company will execute and deliver a deed of con veyance covering said turnpike road to Wayne county without requiring any further payments at that time."

Thereafter this action was brought by W. H. Taylor and other citizens and taxpayers of Wayne county against Hobert Roberts, the county judge, and other members of the fiscal court, and against the clerk of the fiscal court and the county treasurer, to enjoin them from executing the contract made with the Shearer Valley Turnpike Company. A demurrer was sustained to the answer of the defendants, and, they having declined to plead further, judgment was rendered enjoining the defendants from carrying out the order of the fiscal court, or from appropriating any of the county funds as rental for the turnpike. The defendants appeal.

It is conceded that the facts pleaded are not sufficient to show the incurrence of an indebtedness in excess of that authorized by section 157 of the Constitution, but insisted that the judgment was proper because the fiscal court was without power to lease the highway and appropriate county funds therefor. However, this does not correctly define the transaction. Though the proposed contract is referred to in the order of the fiscal court as a lease, the order provides that after the payment of the agreed rental for a period of 10 years the company shall convey the turnpike to the county. It is apparent, therefore, that the payment of rental is simply a method of purchase, and that after all the contract, if accepted by the turnpike company, is nothing more than

a contract of purchase. The case, therefore, turns upon the power of the fiscal court to purchase the turnpike.

Fiscal courts were authorized to purchase turnpikes by the provisions of section 1886, Ky. Statutes (S. A. March 10, 1894, as amended by chapter 84 of the Acts of 1906), but that section was expressly repealed by section 89 of chapter 80, S. A. 1914 (section 4356s, Ky. St. 1915). In Exall v. Holland, 166 Ky. 315, 179 S. W. 241, the latter act was held invalid in so far as it attempted to repeal former acts relating to the establishment of private passways; the reason assigned being that the title of the act did not refer to the subject of private passways or name the sections sought to be repealed. That objection, however, does not apply to the repeal of section 1886, Ky. Statutes. The title of the 1914 act is:

> "An act defining public roads; providing for their establishment, regulation, use and maintenance; and creating the office of county road engineer, and prescribing the duties thereof."

As this title clearly embraces the entire subject relating to the establishment of public roads, it was not essential to also state therein what former acts on that subject were repealed by the act. Bowman v. Hamlett, 159 Ky. 188, 166 S. W. 1010; Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017; Gross v. Fiscal Court, 225 Ky. 641, 9 S. W. (2d) 1006. It follows that the repeal of section 1886 was valid, and we must look elsewhere for authority upon the part of the county to purchase a toll road.

Section 4734 authorizes the fiscal court of a county to subscribe not exceeding $1,250 per mile to the capital stock of such roads. But that section is inapplicable here, as are sections 4748b-1-4748b-16, which provide for a submission to the vote of the people a proposition to free turnpikes and the procedure to be followed if the proposition is to be carried.

Section 1840 grants the fiscal court power to "provide for the good condition of the highways in the county." But that section evidently refers to public highways, which are defined to be public roads *established* by the several county courts. See section 4287, Ky. Statutes. The establishment of a public road is a function of the county court. A toll turnpike is a public

highway in a sense, but not within the definition we are considering, and cannot become one unless it is so established by the county court.

The provisions of sections 15 and 16, Acts 1914, c. 80 (sections 4301, 4302, chapter 110, Carroll's Ky. Statutes), outline a comprehensive plan of procedure for the location, establishment, or alteration of a public road. Section 15 (Ky. Stat., sec. 4301), after providing for the preliminary procedure, continues:

"If the court at any time has sufficient evidence before it to enable it to ascertain what would be a just compensation to the proprietors and tenants, and if such proprietors and tenants are willing to accept what the court deems just, the said court, upon such acceptance being reduced to writing and signed by the proprietors and tenants, may determine to undertake the work, subject to the consent and approval of the fiscal court."

Other sections of that chapter give to the *fiscal courts* the entire control and supervision of such roads as are established. But the establishment of such roads is exclusively within the jurisdiction of the county court. Though, as above indicated, a jury trial for damages may be obviated, if the county judge agrees on the amount with the landowners and this agreement is approved by the fiscal court. We see no reason why the practice therein laid down might not, so far as it is applicable, be adopted in a case like this. If upon such a showing the county judge is satisfied the compensation asked is just, and considers the road a public necessity, he may establish it, subject to the approval of the fiscal court, and, if the latter court approves, it would be authorized to enter into a contract of purchase, such as is sought to be upheld in this action. But as the turnpike has never been established as a public road by the county court, and the fiscal court is not authorized to establish such road, it was without power to enter into the proposed contract, and the chancellor did not err in so holding. Though this ruling will not prevent future action along the lines indicated.

Wherefore, perceiving no error, the judgment is affirmed.