### Muscovalley v. Morris, County Attorney.

(Decided Dec. 1, 1933.)

WHEELER, WHEELER & SHELBOURNE for appellant.

BEN B. MORRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The fiscal court of Ballard county, at a meeting held on March 8, 1932, entered an order allowing George Muscovalley $700 for work done by him during the year 1931 on one of the public roads of the county. The county attorney appealed from the order allowing the claim to the Ballard circuit court, where the case was tried on an agreed stipulation of facts which reads:

"It is stipulated and agreed by the parties to this proceeding that:

"(1): During the year 1931, George Muscovalley furnished material, to-wit: gravel and with a truck belonging to him maintained and improved the road leading from Barlow, Kentucky, to Holloway's Landing in Ballard County, Kentucky.

"(2): That he furnished material and labor on said road, the reasonable value of which was Seven Hundred ($700.00) Dollars.

"(3): That said road was, at the time said material was furnished and labor performed and is now, a public road and a part of the public road system of Ballard County, Kentucky.

"(4): That said Muscovalley performed said labor and furnished said material without any contract with the Fiscal Court of Ballard County authorizing same.

"(5): That said Muscovalley performed said labor and furnished said material without being told so to do by the County Judge or any member of the Fiscal Court or the County Road Engineer."

The circuit court adjudged that the order of the fiscal court making the allowance should be set aside and held for naught, and Muscovalley appeals. It will be observed that the services for which Muscovalley is claiming compensation were rendered by him as a volunteer and not under an agreement, formal or informal, with the fiscal court or any of its members or any officer or agent of the county having or claiming authority to make contracts for the improvement of the roads of the county.

It is appellant's contention that, since the fiscal court had the right in the first instance to contract for the services rendered by him, it had authority to make an appropriation to pay for the services after they had been rendered, and that the matter of allowing or not allowing to him pay for the services rendered and material furnished by him in the improvement of the road in question was one addressed to the sound discretion of the fiscal court. In Rowe v. Alexander, 156 Ky. 507, 161 S. W. 508, the facts were similar to the facts in the instant case, and there it was held that the fiscal court could not, except in cases of emergency, allow any claim for road work not done by its authority or under its direction. The question presented for decision in the Rowe Case was thus stated in the opinion:

"Has the fiscal court power to make an appropriation to a citizen for work done on a public road that he was not ordered or directed to do by the fiscal court?"

and in answering that question the court said, in part:

"It would be a very loose method of transacting business if the fiscal court should be allowed to appropriate the public funds to any citizen of the county who thought it proper or necessary to improve the condition of one of the public roads of the county before any contract or arrangement had been made with the fiscal court under which the work should be done. A practice like this would, in a large measure, put the fiscal court and the funds at its disposal under the control of any citizens of the county who might, for their own convenience or interest, decide to work the public roads, and the money at the disposal of the fiscal court, in place of being expended on such roads and in such manner as the fiscal court might direct, would be applied as best suited the interest of the citizens who saw proper to take the matter of working the roads in their own hands. While admitting the force of this position, it is nevertheless contended that, as the fiscal court might in the first instance have contracted with Rowe to do the work he did do, it had authority to accept it and pay him for it after it was done, although no contract was made in the first instance. To legalize this method would, in a practical way, have substantial-

ly the same effect as if the roads of the county were turned over to the citizens to be worked by them at such times and places as they chose, because there are few fiscal courts that could resist the importunities and influences that might be brought to bear by the combined efforts of citizens who undertook to control the working of the road and the investment of the funds of the county for this purpose. The members of the fiscal court ought not to be subjected to the embarrassment of a situation like this. They ought to be free to take the initiative in road work and to make contracts in advance for such work as in their judgment is needed.''

The decision in the Rowe Case is controlling in the instant case, unless, as argued by counsel for appellant, the rule announced therein has been altered or modified by later decisions of this court. It is contended that the cases of Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816, Pulaski County v. Farmers' National Bank of Somerset, 225 Ky. 437, 9 S. W. (2d) 48, and Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870, announced the rule that a fiscal court has power to make an appropriation for payment of services rendered in all instances in which it had the right in the first place to contract for such services, and that this rule should be applied in the instant case. An examination of these cases shows that the rule announced is not so broad as contended for by appellant, and an analysis of the facts discloses that in each instance there was a contract of some sort, and that the order of the fiscal court making the allowance was merely a ratification of a contract, formal or informal, that was entered into before the services were rendered. None of these cases is out of harmony with the Rowe Case. At most it was held that the fiscal court may ratify an unauthorized contract made in behalf of the county if the contract is one that the fiscal court could have made in the first instance. This is merely an application of the familiar rule of law that, if one assumes to act as the agent of another, and the person in whose name the act was performed subsequently ratifies what has been done, the ratification relates back and supplies original authority to do the act. J. J. Newberry Co. v. Faulconer, 248 Ky. 59, 58 S. W. (2d) 217. In the instant case there is no claim that the services for which the allowance was

made were rendered pursuant to an agreement, formal or informal, or at the instance of any person assuming to act as the agent of the county. When he performed the services, Muscovalley was acting merely as a volunteer.

We think that the rule announced in the Rowe Case is a sound and wholesome one, and should be adhered to. The judgment of the lower court being in conformity with that view, it is affirmed.