# Johnson et al. v. Clark County et al.

(Decided March 22, 1935.)

MARCUS C. REDWINE, RODNEY HAGGARD and PREWITT & PREWITT for appellants.

J. SMITH HAYS, Jr., for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Prior to June 26, 1929, the state highway commission had under consideration the construction of state highway No. 185 connecting the cities of Winchester, in Clark county, and Irvine, in Estill county. Three routes covered by a like number of projects were urged by interested parties as the proper one for the location of the road. It was finally determined by the commission to adopt the central route known in this record as the "Ruckerville" route, and which ran from Winchester to Trapp and from thence via Mina to Epperson schoolhouse, and from thence across Red river at Berryman's ford and continuing through Harge to Irvine. Epperson schoolhouse, by which the selected route ran, is three-fourths of a mile from Merritt's ferry across the Kentucky river, where Red river empties into it. In adopting the Ruckerville route for the state highway that was later constructed, the commission undertook to provide for a strictly county road covering the distance between Epperson schoolhouse and Merritt's ferry, and which it did in this language incorporated in its resolution to construct state highway 185: "Clark County is to build a hard surfaced county road from Merritt's ferry to intersect with this State project; the county road to be finished by the time the State road is completed." Following that, and on July 10, 1929, the fiscal court of Clark county, under the apparent belief that the inserted excerpt from the highway commis-

sion's resolution was both valid and obligatory upon the county, entered a resolution on its records which was and is in these words: "It is further ordered that right-of-way be acquired at the mouth of Red River at Merritt's Ferry and running to a point near Epperson's school to intersect with State project known as Winchester-Irvine road, and that a road be constructed between said points when ordered by the State Highway Commission, the exact distance and route to be selected by the State Highway Commission. And it is further ordered that the Clerk of this Court send certified copy of this Order to the State Highway Commission at Frankfort, Kentucky."

Neither its provisions nor the one contained in the resolution of the state highway commission have been performed, nor have any steps been taken by the county court of Clark county to establish any such county road; and because of such nonaction plaintiffs, who are citizens and taxpayers, as they allege, of Clark, Estill, and Madison counties, filed this action in the Clark circuit court against the county and the members of its fiscal court, including its county judge as chairman thereof, setting out the facts as we have related them, and prayed that defendants be required by mandatory process to carry out the provisions with reference to the establishment and construction of the county road from Merritt's ferry to a connecting point with state highway No. 185 over the three-fourths of a mile distance, upon the theory that the resolutions of the state highway commission and that of the fiscal court constituted a contract with somebody, and which plaintiffs concluded embraced themselves, notwithstanding some of them did not reside in Clark county or were taxpayers therein. Defendants filed both a special and a general demurrer to the petition, both of which were sustained, and plaintiffs declining to plead further, their petition was dismissed followed by this appeal by them seeking a reversal of the judgment.

Only contractual rights are sought to be enforced by plaintiffs in their petition, and they aver nothing in support of such alleged contract except the two resolutions referred to; one by the highway commission and the other by the Clark county fiscal court. If they were each valid so as to create the obligation on the part of Clark county to construct the short county road contended for, then the right of action to enforce it would

seem to lie in the state highway commission, and it was, perhaps, with that view in mind that the court concluded that it was a necessary party, and, not having been made one the special demurrer to the petition, was sustained. But however that may be, we are most firmly convinced that neither of the resolutions was valid for any purpose whatever, and that neither plaintiffs nor the highway commission, or any one else, could demand or require their enforcement. It will be perceived that the road, the construction of which the state highway commission attempted to impose on Clark county, was no part of state highway 185, but was to be exclusively "a hard surfaced county road," and the resolution of the fiscal court of Clark county, in apparent effort to comply with that of the state highway commission, purported to and did order the acquisition of rights of way for the establishment of the short county road between the points mentioned, thereby superseding entirely the only authority provided by law in section 4301 of our present Statutes for the establishment of county roads, and which authority is the county court of the county. Such authority vested in the county court has not only been possessed and exercised by it from, perhaps, the time Kentucky became a state, but the opinions of this court without a single dissenting one have so declared, and in doing so we have continuously said that the provisions made for the exercise of such authority were mandatory and should be observed.

Three of the later opinions in which such interpretation was made are Rowe v. Alexander, 156 Ky. 507, 161 S. W. 508, Noe v. Kirtland, 195 Ky. 542, 242 S. W. 838, and Roberts, County Judge, v. Taylor et al., 226 Ky. 640, 11 S. W. (2d) 710. It is needless for us to repeat what we said in those opinions, since it may be obtained by reference to them. It is sufficient to say that their general tenor and interpretative holding was that fiscal courts of counties possessed no jurisdiction to open or to establish county public highways, and that they were confined by the provisions of section 1840 of our Statutes to the expenditure of county funds in acquiring rights of way for public county roads after the county court had properly established them over the selected routes, and to also expend like funds for the maintenance and upkeep of such roads after they were established by the county court. No statutes have been passed since rendering those opinions whereby the law

has been altered in such respects; but counsel for plaintiffs cite a number of our opinions which they construe to the contrary, an illustration of which is Russell County v. Hill, 164 Ky. 360, 175 S. W. 988. However, our most careful reading of that opinion reveals no departure from the limitation of the jurisdiction of fiscal courts above recited and as declared in the cases, supra. On the contrary, the court in the Hill Case did not profess to deal with the question of the authority of the fiscal court of the county to establish roads, and there is not a statement in it even remotely approving any such interpretation. It was dealing with the right of fiscal courts to expend the county's funds for expenses in establishing public roads and in maintaining them afterwards, as well as county bridges and for other purposes. The other cases cited and relied on by appellants' counsel go no farther, nor do they approve a contrary interpretation. It therefore follows that the resolution of the Clark county fiscal court, which is relied on in support of the alleged contract herein sought to be enforced, was and is void in so far as it may be taken to obligate the county court of that county to establish and direct the opening of the short county road involved.

Equally so is the resolution of the state highway commission wherein it attempted to direct the county authorities of Clark county to establish and provide for such county road. The jurisdiction of the commission is confined, under the applicable statutes, exclusively to the construction and maintenance of state highways. It has no jurisdiction of public county highways, and the efforts of counsel to glean such authority from the terms and provisions of sections 4356t-1 and 4356t-3 of our present Statutes must be considered as abortive, since there is nothing in them appertaining to any public highway as being within the jurisdiction of the state highway commission, except purely state highways. Much is said and many cases are cited to the effect that fiscal courts are bound by their contracts, and for which reason the resolutions involved in this case should be enforced. But that argument is necessarily premised upon the fact of the existence of a valid contract, and the cases cited in support of that contention deal with valid and enforceable contracts; and none of them are authority in support of the proposition that an ultra vires or

void contract attempted to be made by such public agencies is nevertheless enforceable.

It, therefore, inevitably follows that the court properly sustained defendants' demurrer to the petition, and the judgment dismissing it is affirmed.