## A. M. Link, Doing Business in the Name of Louisville Loan Company v. Commonwealth, By, etc.

(Decided October 17, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Statutes—Consititutional Provision as to Amendments Held Not to Apply to Acts Not Purporting to Amend Another Act.—Constitution, section 51, has no application to acts that do not purport to revise, amend, or extend another act, and Ky. Stats., section 4263-4, was not invalid for not setting out provisions of section 4224, notwithstanding any subsequent act of compiler of statutes.

2. Licenses—Statute Imposing License Tax on Loan Business Not Invalid as Discriminatory.—Acts 1920, c. 158, imposing license tax on those doing business as loan company, is not invalid because banks, trust companies, and building and loan associations are expressly excluded, classification being reasonable.

3. Licenses—Reasonable Classification for Purpose of Occupational Tax Valid.—Reasonable classification for purpose of taxation, and especially occupational taxation, is valid exercise of legislative power.

4. Licenses—Classification for Purpose of Taxation Must be Based Upon Reasonable Distinction.—Classification for purpose of taxation, including occupational taxation, must be based upon reasonable distinction, and must not be purely arbitrary.

5. Statutes—Title Need Not Contain Provision for Repeal of Inconsistent Laws.—Title of act need not contain provision for repeal of inconsistent laws, though body of act contains such provision, under Constitution, section 51.

FRED STARCK and DOOLAN & DOOLAN for appellant.

D. O. MYATT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The General Assembly at its 1920 session enacted chapter 158, page 678 of the published acts of that session, which was a wholly independent act and imposed an annual license tax on certain named avocations and professions, including those "of doing business as a loan company," the amount of the annual tax on such a business being fixed at $250.00. Appellant, A. M. Link, prior and subsequent to that time was and has been individually engaged in that business in the city of Louisville, and he declined to pay the tax for two of the years since the taking effect of the act, and this proceeding was instituted against him in Jefferson county by the Commonwealth through its revenue agent, as is provided by section 4263-4 of the 1922 Carroll's edition of Kentucky Statutes. Payment of the taxes, including the imposed penalty for such refusal, was resisted by appellant upon the ground that the 1920 act was unconstitutional because (1), it was in violation of the provisions of section 51 of that instrument, and (2), that banks, trust companies and building loan associations were expressly excluded from the operation of the act and that exclusion worked, as contended, an unlawful classification and rendered the act inoperative as to appellant. The court ruled against him and rendered judgment in favor of plaintiff for the

license fees for the two delinquent years with a 20% penalty thereon, and complaining of that judgment he prosecutes this appeal.

It is urged in support of ground (1) that by an act of 1906, which was subsequently incorporated in the Kentucky Statutes as section 4224 as a part of the statutes on revenue and taxation, the same occupations covered in the 1920 act were annually taxed at named rates and that the effect of the latter act was to amend the then section of the Kentucky Statutes which was the 1906 act, and that it was, therefore, necessary under the provisions of section 51 of the Constitution to set out in the 1920 act the entire 1906 act as amended by the later act; all of which would be true if the 1920 act had purported on its face, either in its title or in its body, to amend the 1906 act or any other existing statute, as this court has held in an unbroken line of decisions, two of the latest of which are Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, and South v. Fish, 181 Ky. 349. There are many other intervening ones. But in the Spencer case the contention here made was expressly decided against appellant in these words found in the opinion on page 263:

"This part of the section (51) has of course no application to acts that do not purport to revise, amend or extend another act or law. When the legislature comes to enact new laws under appropriate titles, its power is not in any manner limited by this provision, and it may act entirely independent of and without reference to it. Of course many laws that are enacted by the legislature touch in some way existing laws either by amending, extending or repealing them, but notwithstanding this, the legislature, by a new act that does not purport in its title or body to amend, revise or extend an existing law, may in fact revise, amend or extend it, free from the control of section 51, and this has been often done."

All of our other opinions dealing with this phase of the application of section 51 of the Constitution have steadfastly followed the construction announced in the Spencer opinion, and which conforms to the general law as applied by other courts, as will be seen from the text in 25 R. C. L. 874. There is nothing in the 1920 act to exclude it from the rule announced in the Spencer case and in the referred to text, and this objection to it constitutionality in so far as it relates to the occupations

therein named, cannot be sustained although its effect was to modify, alter or amend *by implication* the 1906 act relating to the same occupations. The reason underlying such an interpretation need not herein be repeated further than to add that the purpose in requiring that the amendatory act should set out the completed statute as amended, and the mischief sought to be remedied by such requirement, does not exist in the enactment of a new and independent act. That purpose was to prevent the members of the legislature from being misled and deceived by the failure of the amendatory act to set out in full the act as finally amended. No such misleading or deception could occur in the enactment of an entirely independent act, which by implication would substitute or take the place of a prior act dealing with the same subject matter or matters, and which by reason of being inconsistent with the prior act would repeal it by implication. Neither are we authorized to consider in the determination of the question the fact that the compiler of the last edition of the Kentucky Statutes inserted the 1920 act, as to the occupations to which it related, in lieu of the same provisions in reference to the same occupations in the 1906 act, since the act of the compiler in so doing was but carrying out his policy of convenient arrangement, and which act on his part forms no step in the established legislative provisions in this Commonwealth. The court was, therefore, not in error in overruling this ground.

Neither do we think ground (2) is tenable. The right of reasonable classification for the purpose of taxation and especially occupational taxation has long since been adhered to in this Commonwealth and the authority and power of the legislature to do so has been recognized by this court in numerous cases. It is true that such classifications must be based upon a reasonable distinction and must not be purely arbitrary; but it is easy for us to observe not only a reasonable, but a wide distinction, between what may be termed ordinary loan companies and banks, trust companies and building loan associations. Our statutes provide for a different method of assessment and taxation of such companies and corporations and for a regulatory supervision of them, which is at least a legislative recognition that their business is quite distinct from that of the ordinary money lender, who follows such a business as a regular avocation. One prominent and, we think, sufficient distinction, justifying the

classification is that banks, trust companies and building loan associations do not merely lend their own money but in addition thereto they are made, by the very nature of their business, the custodians of the money of others and for which, as well as the proper handling of which in some of them, they are responsible to their patrons. The ordinary money lender handles no one's cash but that of his own and is responsible for no deposits made with him or investments made by him of the accumulated fund arising from paid in capital on stock which belongs to the paying stockholders, and that distinction alone is sufficient, as we conclude, to place such institutions in a different class for the purposes of taxation from others engaged in the business of lending their own money only. A case sustaining the classification here involved is that of City of Newport v. Frankel, 192 Ky. 408, in which others are referred to. See also Cooley on Taxation, 4th Ed. (1924), Vol. 1, section 363.

Another argument made in briefs is that the title of the 1920 act contains no provision for the repeal of other inconsistent laws while the body of the act contains such a provision. But under similar constitutional provisions, as to the requirement of the title of an act as is contained in section 51, it is held that the inclusion of an express repealing clause of other inconsistent acts in the body of the statute will not affect its validity because no such repealing reference is made in the title. In all such cases the repealing clause in the body of the act is germane to its subject as stated in the title, because if the last act is inconsistent with a prior one it is repealed by implication and the express repealing clause in the later act neither adds to nor detracts from its effect; and that rule of interpretation was adopted by us in the case of Burton v. Bryant, 199 Ky. 447.

We, therefore, conclude that the judgment was proper, and it is accordingly affirmed.