## Elkhorn Coal Corporation v. Watkins.

(Decided October 31, 1924.)

### Appeal from Letcher Circuit Court.

1. Master and Servant—Evidence Held Sufficient to Show Negligence in Permitting String of Cars to Run upon Mine Employee. —That mine employee, injured while pushing car of slate by being struck by string of cars, was unable to prove just what caused string of cars to run into him from rear without warning, did not require directed verdict where either possible cause would have made employer liable.

2. Master and Servant—Mine Owner Guilty of Negligence in Permitting String of Cars to Run into Employee Pushing Car of Slate.—Mine owner was negligent in permitting string of cars to run from rear without warning into employee pushing car of slate, whether cars were caused to run by being pushed by motor or started and ran of their own momentum.

3. Master and Servant—Contributory Negligence of Miner Attempting Escape from Peril Held Not Established as Matter of Law.— In action for injuries to mine employee struck by string of cars while pushing car of slate, contributory negligence in attempting to escape from sudden peril held not established as matter of law.

4. Trial—Instruction Held Not Erroneous as Predicating Right of Recovery Upon Admitted Facts and Ignoring Proof of Custom.—

In action for injuries to mine employee struck by string of cars when pushing car of slate, instruction held not erroneous as predicating right of recovery upon admitted facts that cars were left unsecured and as ignoring proof that it was customary to so leave them.

5.  Appeal and Error—Complaint Cannot be Made of Favorable Instruction.—Defendant cannot complain of an instruction more favorable to him than evidence warranted.

J. WOODFORD HOWARD, O'REAR, FOWLER & WALLACE and E. W. PENDLETON for appellant.

RYLAND C. MUSICK, DAVID HAYS and J. MOTT McDANIEL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee, while engaged in dumping slate at appellant's mine, was caught between the car he and the tipple foreman were pushing to the dump and a string of cars that was caused or permitted to run upon him from the rear. For injuries thus sustained he recovered a judgment for $2,500.00.

For reversal, appellant insists the court erred in refusing its motion for a directed verdict, and in the instructions given.

The right to a directed verdict is claimed because, as urged, there was no proof of negligence by the defendant, and conclusive proof of contributory negligence by the plaintiff. The claim of no proof of negligence by defendant has no basis whatever except the fact that plaintiff was unable to prove just what caused the string of cars to run into him from the rear and without warning, but this is of no consequence, since defendant was equally negligent of its duty to plaintiff if, as he believed but could not prove with certainty, it caused the cars to run into him by pushing them with a motor, or if, as is the theory of defendant, the cars started and ran into plaintiff of their own momentum and without force from the motor.

It was as much defendant's duty not to permit the latter as not to do the former, since the one as much as the other rendered the place unsafe to the plaintiff in the performance of the work he was doing under the direct supervision, and in accordance with the directions, of his boss.

That the accident resulted proximately from either the active or passive negligence of the defendant was con-

clusively established, and the fact that plaintiff was unable to prove certainly whether it was the one or the other is clearly insufficient to bring the case within the rule that the defendant is entitled to a directed verdict, when the evidence is equally consistent with the existence of negligence or no negligence, as is the insistence for defendant.

Neither is there any merit in the contention that contributory negligence was established. Plaintiff testified that when he discovered the cars approaching from the rear they were but a foot or two from him and approaching rapidly; that in attempting to escape from his perilous position, he stepped on the bumper of the car he was pushing and attempted to jump to a place of safety upon the right-hand side of the track, and that as he attempted to jump the cars collided and caught and crushed his right leg. He also testified that on the left-hand side of the track the clearance between the cars and the cliff was not more than a foot or two, and if his evidence is true, it certainly cannot be said as matter of law that he was guilty of contributory negligence in attempting to escape upon the right-hand side of the track rather than upon the left-hand side.

Nor is his evidence to be disregarded and that of the foreman who testified for defendant accepted as true by the court. The fact that the latter testified that there was a clearance of six or eight feet between the cars and the hillside on the left-hand side of the track, and that plaintiff was in the clear on the left-hand side of the track when he discovered the approach of the cars and left that place of safety in an attempt to cross to the right-hand side of the track, but made the question of contributory negligence more certainly one for the jury.

Hence the court did not err in refusing to direct a verdict for the defendant.

The final complaint is that the court erred in the first instruction given, in authorizing the jury to find for the plaintiff if they believed from the evidence that defendant's agent in charge of its motor negligently ran the cars upon plaintiff without notice,

"or if you believe from the evidence that at the said time and place, and while engaged in coupling and removing a car and pushing same on the track under the directions and supervision of defendant's foreman in charge of said work, that said foreman or

agent, superior in authority to plaintiff, left a string of cars so placed on said track, and insecurely fastened, that they would of themselves roll down said track; or that defendant's foreman, by the exercise or ordinary care, could have known that said cars, so insecurely fastened, would roll down said track of their own momentum, and that as a result of so leaving said cars on said track that the same did move down said track and upon and against the plaintiff, and plaintiff's leg was thereby crushed and broken.''

It is urged that the quoted part of the instruction is erroneous and prejudicial because it predicates a right of recovery upon the admitted facts that the cars which injured plaintiff were left unsecured and that they started and ran of their own momentum, and wholly ignores proof that it was customary to so leave them in order to let them come down to a point where they could easily be reached by the dumpers, introduced by the defendant to show there was no negligence in so leaving the cars. However, instead of ignoring such evidence of custom, it was only because thereof that the court, in order to present defendant's theory of the accident, submitted to the jury the question of whether or not the defendant negligently left the cars unsecured. Otherwise the inference of causal negligence on its part from the admitted facts was unavoidable.

Defendant's only effort to avoid that inference was its attempt to prove a custom that placed upon plaintiff the duty of anticipating that the cars would start and run just as they did, which if successful would have shifted the blame for the accident to the plaintiff; but even this effort completely failed, since upon this occasion the cars did not, in accordance with the proven custom, run only to the sag in the track, but ran beyond it and up-grade to the point of the accident, which defendant's foreman admitted he had never known to occur before in the eight years of his service with the company at this mine.

The error, therefore, in this part of the instruction, if any, is that it was more favorable to the defendant than the evidence warranted, and of this it of course cannot complain.

The evidence was such, indeed, that we doubt if it would have been error for the court to have instructed the jury that the accident was caused by the defendant's

negligence, either in causing or permitting the cars to run against the plaintiff, and directing them to find for the plaintiff unless they believed from the evidence he was guilty of contributory negligence.

But whether this be true or not, the court gave to the jury every instruction offered by the defendant, and we are sure that the instructions contain no error prejudicial in the least to the defendant.

Judgment affirmed.