## Muhlenburg County Fiscal Court, et al. v. Muhlenburg County Road Commissioners, et al.

(Decided June 19, 1928.)

### Appeal from Muhlenberg Circuit Court.

1. **Highways.**—Discretion as to whether road commissioners shall be appointed being vested in county fiscal court by Ky. Stats., sec. 4307a1, the circuit court cannot compel the fiscal court to appoint commissioners.

2. **Highways.**—Under Ky. Stats., sec. 4307a1, requiring that county fiscal court, deciding to appoint road commissioners to handle proceeds of sale of road bonds, select commissioners at least 15 days before bond election, it cannot appoint commissioners after election; purpose of act being to enable voters to know, before casting ballots, whether such commissioners or fiscal court itself will have control and supervision of such proceeds before casting their ballots.

3. **Counties.**—Neither petitioners for county road bond election nor county judge could invade jurisdiction of fiscal court, under Ky.

Stats., sec. 4307a1, by providing in call for election that fiscal court should appoint commissioners to handle proceeds of bonds.

4. Highways.—That 1,600 voters petitioned county fiscal court to appoint commissioners to handle proceeds of sale of road bonds 15 days before bond election, as provided by Ky. Stats., sec. 4307a1, did not authorize circuit court to compel fiscal court to surrender control and supervision of expenditure of such proceeds to commissioners appointed by it after election, on theory that voters generally knew that persons named were to be appointed, as they are held to have known that matter was wholly within fiscal court's discretion.

5. Highways.—That suit had been instituted to compel county fiscal court to appoint commissioners named in petition to handle proceeds of road bond sales held not to authorize circuit court to compel fiscal court to surrender control of expenditure of such proceeds to commissioners appointed after bond election, contrary to Ky. Stats., sec.4307a1, on theory that voters believed that such commissioners would be appointed when they cast ballots; presumption being that they know fiscal court could not be compelled to appoint commissioners.

6. Highways.—Circuit court could not compel county fiscal court to surrender control of expenditure of proceeds of county road bonds to commissioners appointed after bond election on theory that appointment was in nature of compromise of suit to compel appointment; there being nothing to compromise or settle, since fiscal court could not be compelled to make appointments, in view of Ky. Stats., sec. 4307a1.

7. Highways.—That commissioners, appointed by county fiscal court after road bond election to handle proceeds of bonds, would better serve people than fiscal court itself, does not authorize Court of Appeals to construe Ky. Stats., sec. 4307a1, as authorizing their appointment at such time.

W. J. ROSS and T. E. SPARKS for appellants.

LUKE TEAGUE for appellees.

## OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This appeal involves a controversy between the fiscal court of Muhlenburg county on the one hand and the Muhlenburg county road commissioners on the other over the question of whose duty it is to supervise and control the expenditure of the proceeds of bonds issued by Muhlenberg county for road purposes under an election authorizing the issuance of such bonds.

A brief statement of facts is necessary for a proper understanding of the question. The suit was instituted by the county road commission against the fiscal court to compel the fiscal court to surrender to it the control and supervision of the expenditure of the proceeds of the.

bond issue. It is shown that the election for the bond issue was held August 7, 1926, and that the commissioners were appointed August 14, 1926. Prior to that date on July 15, an effort was made to have the fiscal court appoint commissioners, but the court refused to do so. A suit was then instituted to compel them to make the appointments and an injunction was sought against the fiscal court. This was denied by the circuit judge, and before his ruling was reviewed by a judge of the Court of Appeals the fiscal court met, as stated, and made the appointments.

The first question is whether the fiscal court had authority to make the appointments after the election. That depends upon a construction of section 4307a1, Ky. Stats. That section is as follows:

"That the fiscal court of any county in the commonwealth may, if it so desires, select or appoint four or more commissioners, who shall be freeholders and legal voters and residents of said county, to act as a road commission in the handling of any funds derived from the sale of bonds authorized and voted by the said county for the purpose of building and reconstructing roads and bridges; and which commissioners shall be equally divided between the two dominant political parties of the county. Said commissioners shall be selected at least 15 days before the date of the election on the question of the bond issue, and their names published in some newspaper in general circulation in the county, and if none, by the three printed notices posted one at the courthouse door and the other two at prominent places in the county; provided, however, that in any county that has already voted a bond issue or shall vote a bond issue before this act takes effect, and the bonds voted have not been issued or sold, the fiscal court may elect to take advantage of the provisions of this act, and may appoint commissioners herein provided for at any time without advertisement."

This section does not require the fiscal court to appoint commissioners. It vests in the fiscal court a discretion as to whether commissioners shall be appointed. If it is left to the will of the fiscal court whether it will appoint or not appoint commissioners the matter must be left there, and a court cannot compel the fiscal court to appoint commissioners against its will. The purpose

of the act was to allow the fiscal court, if it so desired, to appoint commissioners in whose judgment regarding the expenditure of the proceeds of the bond issue the voters might have more confidence than in the judgment of the fiscal court relating to the same matter. The voters have a right to know who will supervise and control the expenditure of the fund. The fiscal affairs are under the management and control of the fiscal court and there they remain unless under some authority of the Legislature the control and management are placed elsewhere. The Legislature did not attempt to take from the fiscal court the authority to control and supervise the expenditure of the proceeds of such a bond issue, but vested in the fiscal court itself the power to relinquish such control and supervision. The Legislature went further and placed a limitation on the power of the fiscal court to relinquish its control and supervision, and that limitation is that it must do so and appoint the commissioners at least 15 days before the election. This is a wise provision in the law, in that it enables the voters to know who will have control and supervision of the expenditure of the proceeds of the bond issue before they cast their ballots. The limitation was removed in one particular and that was in counties where bonds had already been issued the court in such cases might relinquish its control and supervision over the fund and appoint commissioners to act in its stead. The language of the section is not ambiguous, and its meaning is clear. The voters are held to know at the time they cast their ballots that, if commissioners have not been appointed, the control and supervision of the expenditure of the fund will be in the fiscal court. It is clear that the fiscal court may not relinquish the duty imposed upon it after the election except in cases where bonds had already been authorized at the time the section became a law. It it were otherwise, the voters would be called upon to cast their ballots at an election when they did not know who would control and supervise the expenditure of the fund. The voters should know when they cast their ballots, and under the law they know, on the day of the election and for 15 days prior thereto, if they authorize the issuance of the bonds, by whom the expenditure will be controlled and supervised.

But it is argued that in the order calling the election it was provided that the fiscal court should appoint commissioners. That is true, but it also provided that the commissioners should be appointed before the election.

The petitioners who asked for the election had no authority to place such provision in the call, and neither did the county judge who ordered the election. They could not invade the jurisdiction of the fiscal court in that matter.

It is argued that a petition was signed by 1,600 voters asking the fiscal court to appoint the commissioners 15 days before the election, and that the names of the commissioners were set out in the petition, and that the voters throughout the county generally knew that those named were to be appointed. The voters could not have known this as they did not know what action the fiscal court would take on the petition, and they are held to have known that the matter was wholly within the discretion of the fiscal court.

It is argued that suit had been instituted against the fiscal court to compel it to make the appointment of the commissioners named in the petition, and that the voters relied upon that information and believed that the commissioners would be appointed at the time they cast their ballots. The presumption is that the voters knew that the fiscal court could not be compelled to appoint commissioners against its will.

Lastly, it is argued that the order entered on August 14, appointing the commissioners, was in the nature of a compromise of the suit which had been instituted to compel the fiscal court to appoint them. This position is not tenable. It does not alter the fact that the commissioners were appointed after the election of not less than 15 days before. There was nothing to compromise or settle. The injunction had been properly denied. There was no power to compel the fiscal court to make the appointments.

It may be that the commissioners, who appear to be men of high standing, integrity, and ability, would better serve the people in this respect than would the fiscal court, but that does not change the law. The Legislature said by its enactment that the commissioners must be appointed before the election, and this court cannot construe the law to mean that they may be appointed after the election, except where the authority was specifically given by the Legislature. The duty to control and supervise the expenditure of this money is vested in the fiscal court, subject to the law and the order calling the election.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.