## Gross v. Fiscal Court of Jefferson County, et al.

(Decided October 2, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Counties.—Constitution, sec. 144, creating fiscal court, and providing who shall constitute it, does not define jurisdiction of court, which is defined by Legislature under Ky. Stats., 1840.

2. Constitutional Law.—Legislature has all power not taken from it by Constitution.

3. Counties.—Acts 1928, c. 75, secs. 1-5, creating office of purchasing agent in counties, held not invalid, as curtailing powers of fiscal court, provided for by Constitution, sec. 144, which merely creates fiscal court and provides who shall constitute it.

4. Statutes.—Acts 1928, c. 75, secs. 1-5, creating office of purchasing agent in counties, and repealing all existing laws in conflict therewith, without setting out such laws, held not invalid as amending any existing law by reference to title only, in violation of Constitution, sec. 51, providing no law shall be revised or amended by reference to title only, unless portion revised or amended is re-enacted and published at length.

5. Counties.—Under Acts 1928, c. 75, secs. 1-5, creating purchasing agent in counties, purchasing agent was only authorized to buy such things as fiscal court had ordered bought, and did not take from fiscal court its jurisdiction over fiscal affairs of county.

6. Counties.—Established policy of state, to confide to fiscal court control of creation of county obligations, will not be presumed changed, where new act (Acts 1928, c. 75, secs. 1-5) creating purchasing agent in counties may fairly be read as not inconsistent with former act.

SELLIGMAN, SELLIGMAN & GOLDSMITH for appellant.

HARRIS COLEMAN, ARTHUR E. HOPKINS and WM. MARSHALL BULLITT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellant brought this action in the Jefferson circuit
court, attacking the validity of the act passed last winter,
creating the office of purchasing agent in counties con-
taining cities of the first class, and asking a judgment
under the declaratory judgment act as to the proper
meaning of the act, if valid  The circuit court held the act
valid and construed the act.   The plaintiff appeals.

The act is in these words:

"An act creating the office of purchasing agent
in counties containing cities of the first class, defin-
ing his duties and fixing his salary.

"Be it enacted by the General Assembly of the
Commonwealth of Kentucky:

"Section 1.   That in counties containing a city
of the first class the office of purchasing agent is
hereby created.

"Section 2.   Such purchasing agent shall be
elected by the fiscal court of such county for a term
of four years.   The first purchasing agent shall be
elected at a meeting of the fiscal court succeeding the
passage of this act, for a term of four years, from
the first day of May, one thousand nine hundred and
twenty-eight, and every four years thereafter.

"Section 3.   It shall be the duty of such pur-
chasing agent to make all purchases of supplies,
goods, wares and merchandise of all description
needed by such county containing a city of the first
class, and for all departments of the county govern-
ments of such county where the amount of purchases
shall not exceed the sum of two hundred fifty dollars
($250.00).   For purchases where the amount exceeds
two hundred and fifty dollars ($250.00), said pur-
chases shall be made by competitive bids to the
lowest or best bidder, which purchase shall be ap-
proved by said fiscal court.

"Section 4.   Said purchasing agent shall be
paid for his services at the rate of twenty-five hun-
dred dollars ($2,500.00) per annum, paid in equal
monthly installments out of the county fund.

"Section 5.   All acts and parts of acts in con-
flict herewith are hereby repealed to the extent of
such conflict and an emergency is hereby declared to

exist, and this act shall take effect from and after its passage and approval.''

It is insisted that the act is invalid, in that it curtails the powers of the fiscal court as provided by section 144 of the Constitution.    That section is in these words:

"Counties shall have a fiscal court, which may consist of the judge of the county court and the justices of the peace, in which court the judge of the county court shall preside, if present; or a county may have three commissioners, to be elected from the county at large, who, together with the judge of the county court, shall constitute the fiscal court.   A majority of the members of said court shall constitute a court for the transaction of business.   But where, for county governmental purposes, a city is by law separated from the remainder of the county, such commissioners may be elected from the part of the county outside of the city.''

This merely creates the fiscal court and provides who shall constitute it, but it does not define the jurisdiction of the court.   The Legislature has all power not taken from it by the Constitution, and so the Legislature, by section 1840, Kentucky Statutes, has defined the jurisdiction of the fiscal court, and this action of the Legislature has been recognized as valid by this court in many cases. The jurisdiction of the fiscal court is no more fixed by the Constitution than the jurisdiction of other courts created by that instrument.   It is all left to the Legislature.

It is also insisted that the act is invalid under section 51 of the Constitution, which is in these words:

"No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.''

Under this provision no law shall be revised or amended by reference to its title only, unless so much as is revised or amended shall be re-enacted and published at length.    But the act in question does not amend any existing law by reference to its title only.    It is true that the act repeals all existing laws in conflict with it, without setting out these laws, and it makes a substantial change in the jurisdiction of the fiscal court, without setting out

the existing law. But such acts have always been held valid. In Bowman v. Hamlett, 159 Ky. 188, 166 S. W. 1010, the court thus stated the rule:

"Section 51 of the Constitution requires that the title shall express the subject legislated upon; but there is no requirement that the title of an Act shall also undertake to state what former acts are thereby repealed. Such a requirement would not only be unreasonable; it would be impracticable; and it would lay upon the Legislature the duty of weighing the legal effect of prior legislation and determining just what legislation is repealed by the act proposed."

In Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017, after carefully going over its previous opinions, the court thus stated the rule as to when it is not necessary to set out or republish any part of an old law:

"That when the act does not purport to be an amendment to an existing law, but a new act, it is not necessary to set out or republish any part of any old law that may be changed or repealed by the new law."

These opinions have been consistently followed by the court since. Neutzel v. Keller, 205 Ky. 340, 265 S. W. 814; Lewis v. Mosely, 215 Ky. 573, 286 S. W. 793; Link v. Commonwealth, 205 Ky. 243, 265 S. W. 804; Owensboro v. Board, 210 Ky. 482, 276 S. W. 143, and cases cited.

The act relates only to one subject, and that such an act does not violate section 51 of the Constitution has been so often held that the question is no longer open.

The circuit court, construing the act, held that the purchasing agent was only authorized to buy such things as the fiscal court had ordered bought. This is the natural meaning of the act. It only creates a purchasing agent. It gives him no authority, except to make purchases. The natural meaning of the words, "needed by such county," when read with the remainder of the act, is necessarily no more than this. Purchases may only be made for the county when ordered by the fiscal court. There is nothing in the act taking from the fiscal court its jurisdiction over the fiscal affairs of the county. The only purpose of the act was to appoint an agent to make purchases that were necessary, and purchases are not neces-

sary unless the fiscal court has ordered the things to be purchased. Very plainly, only the purchasing of things is within the purview of the act, and what things may be purchased must be determined under the existing laws, for these are entirely unchanged. It has long been the policy of the state to confide to the fiscal court control of the creation of county obligations. Such a long-settled legislative policy will not be presumed changed, where the new act may fairly be read as not inconsistent with the former.

> "An act will not be construed to repeal or modify earlier legislation, if, giving such effect to the act, an apparent purpose would appear to disturb an established system of written law, covering a vital field in our system of government. It would be most unreasonable to suppose that a legislative body intended, by doubtful inference, to repeal salutary provisions in a very early statute which, in numerous enactments, it has cautiously preserved." 25 R. C. L., page 919, section 169.

Judgment affirmed.