# Game and Fish Commission v. Talbott, Auditor of Public Accounts.

(Decided Nov. 10, 1933.)

JOSEPH G. SACHS, Jr., for appellant.

BAILEY P. WOOTTON, Attorney General, and W. R. ATTKIS-SON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The game and fish commission (hereinafter called the commission), unable to agree with the auditor, relative to its rights regarding "The Game & Fish Protection Fund," instituted this action under the "Declaratory Judgment Act" (chapter 83, Acts of 1922, sec. 639a-1 et seq., Ky. Civil Code of Practice) for a determination thereof, and, having been unable to get what it regarded as due it, has appealed.

This which is taken from chapter 25, Acts of 1932, and is found on page 199 thereof, is the storm center of this controversy:

"Section 50. *Game and Fish Commission.* For the fiscal year ending June thirtieth, one thousand nine hundred and thirty-three, there is hereby set aside and appropriated for the benefit of the Game and Fish Commission, to be expended by it for the purposes now allowed by law, or that may hereafter be allowed by law, all the fees and collections of all kinds and character now collected by law, or that may hereafter be imposed by law, for the benefit of said department, provided, however, that not to exceed fifty thousand dollars may be used for office expense and salaries, including the salaries of wardens and traveling expenses."

Matters discussed concretely are more easily understood than when discussed abstractly, and, as it is stated in brief that the estimated receipts coming into this "Game and Fish Protection Fund," is about $160,000 per annum, we shall accept that estimate as correct, and use it in disposing of this appeal.

In the first part of section 50 of chapter 25, Acts

1932, all of this $160,000 is set aside and appropriated to this ''Game and Fish Protection Fund.''

By section 1954c-10, Ky. Stats., the commission may expend for the purposes there set out not more than ....................$ 80,000.00

By section 50, chapter 25, Acts 1932, a limitation is imposed upon the expenditures and the commission may expend for the purposes there set out not more than ..·....... 50,000.00

There is left in the fund .............. 30,000.00

$160,000.00

The commission contends this fund is not within the field of operations of the budget commission but that field is quite extensive and includes the game and fish commission and this fund as will appear from this which is taken from section 1992a-3, Ky. Stats.:

''The term 'budget unit' as used in this act shall be construed to include each and every department, board, commission, institution, office, agency, society, association, service or other administrative organization of the state which is entitled by any provision of law to receive and expend public funds.'' .

Its next contention is that the fund it is proposing to expend is not a public fund and it cites the definition of a public fund as given in 50 C. J., p. 854, sec. 40, particular stress being placed upon the last sentence of that section, which is:

''The term does not apply to special funds, which are collected or voluntarily contributed, for the sole benefit of the contributors, and of which the state is merely the custodian.''

There are plenty of funds coming within that definition, for example, voluntary contributions made by teachers, policemen, firemen, etc., from their salaries to a fund to be kept, managed, and administered by a state, county, city, or other governmental agency, to be used to pension or provide for members of the contributing classes that have become disabled, but this is not such a fund. This game and fish protection fund is not raised by collections or voluntary contributions for the sole benefit of the contributors, but is raised by fines, penalties, and forfeitures (section 1954c-37, Ky.

Stats.), by licenses to fish, and by licenses to hunt, etc. These charges are imposed and collected by the state and are as fully public funds as money raised by ad valorem assessments upon real estate. The state has always kept the money raised by such licenses, fines, etc., for the use and benefit of this game and fish protection fund, but that was because it chose to do so, not because it had to do so.

Having reached the conclusion that the receipts coming to this game and fish protection fund are public funds, then it follows that the provisions of section 50 of chapter 25, Acts 1932, are binding limitations upon expenditures therefrom. See section 1992a-18, Ky. Stats.

The commission has attacked section 50 of chapter 25, Acts 1932, as being in conflict with section 51, Ky. Constitution, because the effect of this section 50 is by implication to repeal and amend pro tanto section 1954c-6, Ky. Stats., since it sets a limit to the expenditures that the commission could otherwise make for the purposes set out in that section, so that those expenditures including all expenses are now limited to $50,000, and yet there is nothing in the title of chapter 25 to indicate such an intention.

Where the title expresses the subject of the act, it is not necessary that it shall state what former legislation is impliedly repealed or amended thereby. See Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 1008; Gross v. Fiscal Court of Jefferson County, 225 Ky. 641, 9 S. W. (2d) 1006; Graham v. Jewell, 204 Ky. 260, 263 S. W. 693; and Smith v. State Highway Comm., 247 Ky. 816, 57 S. W. (2d) 1014, and other cases cited in that opinion.

Finding no error in the judgment, it is affirmed.

The whole court sitting.