## Rentz v. Campbell County et al.

(Decided June 21, 1935.)

CHAS. E. LESTER, Jr., for appellant.

L. J. CRAWFORD and ROGER L. NEFF, Jr., for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Campbell circuit court sitting in equity, whereby the court declined to enjoin the defendants from advertising the names of certain persons appointed to a bridge commission under an order of the fiscal court of the county, in connection with a proposed election to determine whether or not certain bridge bonds would be issued, and wherein the court further declared the rights of the parties in the premises.

On May 27, 1935, the Campbell county court entered an order pursuant to section 4307 of the Kentucky Statutes (Acts of 1914, c. 80, sec. 21), and section 938p-1 et seq. (Acts of 1928, c. 173), calling for an election to be held on August 3, 1935, to determine whether or not bonds in the sum of $1,500,000 should be issued by the county for the purpose of erecting or purchasing a bridge between Hamilton county, Ohio, and Campbell county, Ky. Thereafter, the fiscal court of Campbell county, acting under section 4307a-1 et seq. of the Statutes (Acts of 1916, c. 12), entered an order designating four residents of the county to act as a bridge commission in the handling of the funds to be derived from the sale of the bonds.

Appellant attacked the proceedings outlined above, principally on the ground that sections 4307a-1 and 4307a-2 were repealed by chapter 173 of the Acts of 1928 (Ky. Stats. sec. 938p-1 et seq.). The 1928 act applies only to counties having a city of the second

class, relates to the construction of interstate bridges or tunnels, and provides that bonds issued for such construction may be retired by collecting tolls for the use of such bridge or tunnel. The 1928 act plainly gave an additional power to counties wherein was located a city of the second class. It did not repeal, nor is it inconsistent with, the 1916 act. It did not change the method of issuing county bonds already provided for in the other statutes. On the contrary, it referred to and adopted by reference the previous acts on the subject.

Appellant's next contention is that section 2 of the act of 1916 (Ky. Stats. sec. 4307a-2) violates section 51 of the Constitution in that the authority therein given to the bridge commissioners is not embraced within the title to the act. We think the title to the act was broad enough to include the powers given in section 2 to the commissioners selected "for the purposes of handling the proceeds of any bond issue voted by the county to build or reconstruct roads and bridges." The title furnished more than a clue to the contents of section 2. Talbott v. Laffoon, 257 Ky. 773, 79 S. W. (2d) 244. The act related to but one subject. The first section provided for the creation of a board of commissioners. The second section defined their powers. They could hardly "handle" the proceeds of a bond issue unless they were empowered to act.

Appellant further contends that sections 4307a-1 and 4307a-2 violate section 144 of the Constitution in that they permit the exercise of a discretionary power over the fiscal affairs of the county by a bridge commission when those powers can only be exercised by the fiscal court, and, further, that the sections violate sections 27 and 28 of the Constitution in that they permit the usurpation of the legislative functions of the fiscal court by an administrative board. Section 144 of the Constitution merely creates the fiscal court, but does not define its jurisdiction. Its jurisdiction is fixed by the General Assembly. Gross v. Fiscal Court of Jefferson County, 225 Ky. 641, 9 S. W. (2d) 1006. Plainly, the General Assembly, having the right to prescribe the jurisdiction of the fiscal court, likewise had the right to set up the machinery by which a bridge commission could be created for the specific purpose of spending the proceeds of a particular bond issue, and

could give to the fiscal court the right to determine for itself whether or not it would follow the procedure of naming a commission to handle the funds or would undertake to handle the funds itself. Covington Bridge Commission v. City of Covington, 257 Ky. 813, 79 S. W. (2d) 216. The argument that the commission is not representative of the voters overlooks the patent fact that the commissioners are named before the election, and the voters can say at the polls whether or not they desire to have this particular commission handle the proceeds from the sale of these particular bonds. Muhlenburg County Fiscal Court v. Muhlenburg County Road Commissioners, 225 Ky. 432, 9 S. W. (2d) 129. Clearly, the powers given to the bridge commission are not "unconfined and vagrant." A. L. A. Schechter Poultry Corporation v. United States, 55 S. Ct. 837, 852, 79 L. Ed. 888. The commission is created to deal with a specific fund, in a specific manner, and for a specific purpose. The act does not present an unconstitutional delegation of power.

Finally, appellant contends that the re-enactment of section 1840 of the Statutes, in 1922, by implication repealed sections 4307a-1 and 4307a-2. Section 1840 relates to the general powers and jurisdiction of fiscal courts, and it is argued that the general grant in that statute excludes the idea of a specific grant of power to a bridge commission. Section 1834 of the Statutes expressly provides that "unless otherwise provided by law, the corporate powers of the several counties of this state shall be exercised by the fiscal courts thereof respectively." Here we have a specific provision of the law dealing with a particular subject. This particular provision was not repealed by the re-enactment of the statute covering the grant of general powers. City of Louisville v. Lousville Water Co., 105 Ky. 754, 49 S. W. 766, 20 Ky. Law Rep. 1529; Board of Council of City of Danville v. Raum, 141 Ky. 198, 132 S. W. 1019.

It is not claimed that the statutory scheme of procedure has not been strictly followed by both the county court and the fiscal court in entering the orders here involved.

Judgment affirmed.

Whole court sitting.