# Beavers et al. v. City Of Williamsburg et al.

December 16, 1947.

J. B. Johnson, Judge.

R. L. Brown and Joe S. Feather for appellants.

L. O. Siler for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Beavers and twenty-two others, licensed operators of taxicabs in the city, joined as plaintiffs in a petition seeking a declaration of rights and injunctive relief as against defendants, officers of the city, from enforcing certain requirements of an ordinance adopted December 2, 1946, effective January 1, 1947.

The ordinance attacked fixed the annual license fee of taxi operators at $75, and provided that each operator should file with the city clerk evidence of financial responsibility in the form of insurance policies or bonds, insuring in the sum of "$5,000 for each person, $10,000 for each accident and $5,000 property damage." Another section required the operator to have painted on each side of his cab the name of the owner in bold letters.

Alleging that the ordinance was in respect of the stated requirements invalid and void, the petition sought its annulment on the ground that it was unconstitutional. Demurrer was filed but not ruled upon and without waiving defendants answered, admitting passage of the ordinance, but denied all other material allegations. In answer, conceiving that so much of the requirement as to execution and filing of evidences of financial responsibility was out of line, defendants made part of their answer an amendment in respect thereto which reduced the property damage, complying with the provisions of KRS 187.490, and providing that there should be filed with the city clerk copies of such evidences as were filed with and approved by the proper officer of the Motor Transportation Department.

Brief of appellants argues the point as based on the original ordinance as shown by their pleading; since it is clear from the record that the ordinance as amended only requires copies of such evidences as are on file with the State authorities, and executed in compliance with the statute, we are of the opinion that as the filing

as required will entail little expense, it is not an obnoxious requirement, though it may be submitted that a. showing of the permit from the state authorities should be satisfactory.

The provision, as well as that increasing the license fee, requiring the painting of the names on the side of each taxi, were subjected to complaint on the grounds that the ordinance was arbitrary, and so exacting as to be oppressive, discriminatory and adopted for the intended purpose of driving plaintiffs, or some of them from the business of operating taxis in the city.

Little need be said as to the provision requiring the name of owner or operator to be painted in bold letters on each side of the operated cab. The fact is. that in pursuance of KRS 281.350 the Division of Motor Transportation issued regulation No. 7 (Jan. 1, 1947) requiring every operated taxi to display on each side of the vehicle the name and office address of the owner; this regulation has been duly filed with the Secretary of State as required by law. Even if this were not true, we are of the opinion that the ordinance requirement is a valid police regulation.

The final argument relating to the increase in annual fees does not seem to present a justiciable question, since each material allegation of the petition was denied, and no proof was introduced. The petition is quite voluminous covering some twelve or more pages, and is a little difficult to assimilate; we find it practicable and allowable to resort to appellants' brief to point out the chief grounds of compaint, since appellee in brief suggests that appellants' statement of facts is correct, though they do not agree with the expressed conclusions, upon which alone we are asked to hold that the license fee is exorbitant, discriminatory, and excessive to such an extent as to be confiscatory, making it impossible for appellants to continue in business.

The cause was submitted on the pleadings and a stipulation which agreed that the court might answer three questions and enter judgment "without consideration of any statements or actions plead or set out in the petition in regard to the personal motives of the city officials in enacting said ordinance," and which had

been subjected to a motion to strike from the petition. This agreement took from the pleading charges that certain officials engaged in bus operations, with which the taxi business conflicted, adopted the ordinance for the purpose of driving taxi operators out of business. Eliminating these personal motive charges, the remaining allegations are that from time to time, and finally, the fees were increased without legal reason or foundation for the increase.

Williamsburg was until 1946 a city of the fifth class, then being transferred to the fourth class. It is alleged that prior thereto or in 1932 the ordinances of the city required a license fee of only $5 annually on operators of taxicabs, and a like fee on "nearly every other business and occupation in the city." That ordinance, of which later and the last ordinances were amendments, provided that all revenues arising from the operation of motor vehicles and wagons, were to be placed in a fund to be used for the maintenance and repair of streets. Since the last ordinance was merely an amendment there is no force in the complaint, not embraced in the stipulation, that it was invalid because it did not, as required by law, allocate the license fees. Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. 2d 967.

It is charged that later in 1932, a graduated license tax was placed on trucks, a five ton truck being required to pay $20 annually, this ordinance being now in force. In May 1940 the license fee on taxis was increased to $20, and in January 1946 increased to $50. The complaint is that during all the periods mentioned, and up to passage of the December 1946 ordinance, none of the other business or occupation fees were increased. That these facts lead to the expressed conclusion that the city was not in need of further revenue, and did not need more policing or more money for either purpose. This is perhaps one of the conclusions with which appellees refused to agree.

It is correctly stated by appellants that for the purpose of taxation, particularly taxation of occupations and businesses, classification must be based on reasonable distinction, uniform as to the class, and not excessive, arbitrary or prohibitive. Link v. Commonwealth, 205 Ky. 243, 265 S. W. 804. It is argued that

there is a wide distinction and a discrimination when the city permits a five ton truck to operate within its limits upon payment of an annual $20 fee, and appellants are required to pay $75 for annual operation. As a mere conclusion this may appear to be discriminatory, but the two are in different classes, and there is nothing in the record to show why the one class is charged $20 and the other $75. The reason for the difference lies in the consideration and discretion of the legislative body.

The reasonableness, the validity of a taxing ordinance is to be measured not by the effect on any one individual, but by the effect on those of a class engaged in the same occupation or business sought to be subjected to the tax. The test is whether the tax bears so heavily on a class, not isolated and exceptional individuals, as to be excessive. Louisville v. Sagalowski, 136 Ky. 324, 124 S. W. 339, 136 Am. St. Rep. 258. It may have been conceived, and reasonably so, by the legislative body that taxis should pay a higher fee because of the more frequent and constant use of the streets, than should other motor vehicles or wagons. We do not know the answer, and the record does not aid in attempting one.

Ordinarily the reasonableness of a taxing ordinance lies with the taxing body, and we cannot inquire into reasons for its passage or interfere with that body's discretion, subject, however, to the limitation that we may determine whether or not the tax imposed is so excessive as to be confiscatory or prohibitory. Tandy and Fairleigh Tobacco Co. v. Hopkinsville, 174 Ky. 189, 192 S. W. 46; Mills v. Barbourville, 273 Ky. 490, 117 S. W. 2d 197.

Here we are called upon to hold the tax excessive and prohibitory upon the conclusions in the pleadings and statements in brief of appellants, "that the actual business profit from strictly intra city business during a year will not give a profit equal to the amount of the license fees imposed." Again (in petition) it is alleged that "Williamsburg is a small town of not more than 3000 population, so it clearly appears on the face of things, that any tax in excess of $20 is prohibitive and confiscatory." If these allegations should be accepted

as facts, rather than conclusions, it would appear that there are too many taxis operating in the city.

The chancellor, upon submission of the stipulated questions, held that the license fee exacted was not excessive or prohibitive; that the requirements as to supplying evidence of financial ability, and the identification of the owner by means of painting his name on each side of the cab, were reasonable police regulations. In the state of the record we fail to see wherein he was in error.

Judgment affirmed.