## City of Hazard, et al. v. Eversole.

February 1, 1949.

As Extended March 11, 1949.

W. E. Faulkner for appellants.

Napier & Napier, C. W. Napier and C. W. Napier, Jr. for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER —Affirming.

The Commissioners of Hazard, a fourth class city, on March 18, 1946, adopted an ordinance providing for

the licensing and regulation of taxicab operators. After providing for prepayment of a fee of $50 on each operator of taxicabs in the city the Board ordained:

"Whenever a licensee shall fail to renew the license for any taxicab for any succeeding year, then no other taxicab license shall be issued to a new applicant unless and until the licensed taxicabs shall be reduced to fewer than 50 in number, unless it be made to appear to the Board of Commissioners upon proper showing that public convenience and necessity requires that taxicab licenses in excess of 50 be required."

While the trial court held the "ordinance" invalid, it is clear from the pleadings, proof, and relief sought and granted, the judgment must be and is construed to have only the effect of holding void that portion of the ordinance above quoted; in other words so much only of the entire ordinance as gave the power of the city authorities to limit the number of taxicab operators, although the applicant held a permit from the State authorities. There was no issue raised as to any other point, and we note from the record that the ordinance of January 1948 was repealed. Under the state of the record neither this nor the trial court should be concerned with other parts of the ordinance. On the involved point we have concluded that what was written in Adams v. Burke, 308 Ky. 722, 215 S.W.2d 531, is conclusive of the question here presented.

It appears from the pleadings and brief of appellant that the purpose of the section of the ordinance first quoted was "to eventually bring about a reduction in the number of taxicabs" then operating and later seeking license. This appears to be the action of the city which raised the issue under the pleadings; that is, the question of the statutory power of the city to undertake regulation of taxicabs using its streets by declining to issue a license to one otherwise qualified under statutes as they now exist.

Appellee, who had previously operated a taxicab in Hazard, had in the early part of 1948 purchased a new vehicle, and applied to the proper officer of the city for a license, which was refused to her. While her pleading chiefly bases her right on constitutional grounds, it is apparent from the answer that refusal was based on the

sole ground that "at the time of the application more than 50 taxicabs licenses had already been issued by the City in renewal licenses in keeping with the Ordinance of March 6, 1946, and the time had expired for renewing any 1947 licenses."

It is plead and proven by appellee that prior to her application she had complied with the laws relative to issuance of a permit by the State authority, authorizing her to operate a taxicab, and had complied with the law relating to insurance, etc. The proof adduced by the city went far to show a serious traffic situation and necessity for regulation in some manner.

Upon submission the Court upon proof and pleadings, adjudged that the attacked ordinance was unenforceable and invalid, basing conclusion on infringement of appellee's right guaranteed under the Constitution. The chancellor, then following the prayer of the petition, mandatorily ordered the proper authorities to issue to plaintiff a taxi license upon payment of the requisite fee, which she had tendered upon her application.

While the Court correctly held the ordinance invalid, it is not necessary to discuss the question of whether or not appellee was denied any rights guaranteed by the Constitution. The judgment was rendered in August 1948, prior to the publication of our opinion in Adams v. Burke, 308 Ky. 722, 215 S.W.2d 531, decided June 18, 1948, modified on rehearing December 10, 1948, relied on by appellee.

Appellants' brief, in the nature of a rehearing, or as presenting reasons why the Adams case should not be followed, was and is of sufficient force to justify the Court in again carefully reconsidering the Adams case, but not to justify an overruling. By reference to that case it will be found that the controlling principle turned on the question of power granted to municipalities by statutes, or withheld by operation of other statutes vesting certain powers in the State authorities.

We held in the Adams case the use of streets in the transportation of persons for hire to be an extraordinary use subject to appropriate regulations by constituted authorities, but that such power exists in each particular case only under such statutes as are directly or by neces-

sary implication applicable. Looking to such statutory provisions as related to the issue, we concluded that the power to determine the question of necessity and convenience was in the State Board of Motor Transportation, and that the City not having been vested with the power could not legally require one to obtain from the city a certificate of convenience and necessity when the State authority had acted.

In the Adams case on a rehearing, we found no conflict in our conclusion there and in the recent case of Beavers v. City of Williamsburg, 306 Ky. 201, 206 S.W. 2d 938, and we undertook to make it clear that we were not in anywise undertaking to limit the right of cities to regulate traffic under its vested police powers, but suggested that if cities concluded they were in need of more far-reaching or enabling powers, the appeal should be made to the Legislature.

Being of the opinion that the Adams case is controlling here, the judgment is affirmed.