231 S.W.2d 8 (1950)
HOGGE, County Attorney,
v.
ROWAN COUNTY FISCAL COURT et al.
Court of Appeals of Kentucky.
June 23, 1950.
John M. Kinnaird, Frankfort, for appellant.
Squire N. Williams, Jr., Frankfort, for appellees.
VAN SANT, Commissioner.
We are asked to determine whether the Rowan County Fiscal Court has the authority to appropriate the sum of $3,000 for the purchase of a tract of land which it proposes to convey, for a consideration of $1, to the Commonwealth, to be used as a site for district headquarters of the state police.
The Constitution, section 144 of which merely creates the fiscal court, has left to the General Assembly the right to define the powers and duties of that body. Rentz v. Campbell County, 260 Ky. 242, 84 S.W.2d 44. It possesses no authority which the Legislature has not expressly or impliedly conferred upon it; and its implied power is limited to the authority reasonably necessary to execute or to discharge *9 its express duties. Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S.W. 2d 271.
KRS 67.080, subsection (2), authorizes a county to buy land for the use of the county, when necessary, for the purpose of erecting thereon public buildings etc. County purposes have been distinguished from state purposes in many cases, although we have found no decision in Kentucky on this point. Invariably, the test has been described to be whether the purpose is for the sole benefit of the county as a unit or for the benefit of the entire state. Police Protective Association of Colorado v. Warren, 101 Colo. 586, 76 P.2d 94. Applying this definition, we find no express authority in KRS 67.080 for the action herein proposed to be taken.
KRS 70.540 to 70.570, inclusive, provides for a county police force whose jurisdiction shall be coextensive with the whole county for and by which it is created. KRS 70.560 authorizes the county to provide police stations, substations, radio, and other means of communication, and to make appropriations therefor. As a practical proposition, however, the force of the authority conferred by KRS 70.540-570, inclusive, in counties containing not more than 25,000 inhabitants, which includes Rowan, is nullified by KRS 70.560 which limits salaries for personnel of the department to $25 per annum. Even if this limitation were lifted so as to give the statutes practical effect, the police and radio stations authorized to be established would be such only as could be used in the furtherance of the service to be rendered by the county police force. It is obvious that these sections of the statute do not expressly authorize fiscal courts to purchase property for the state to use as district headquarters for its police force.
In several cases, this court has held that where a municipality has the right or duty to perform certain functions it has the implied authority, by contract with private institutions or state agencies, to provide for the carrying on of such functions. One of such cases is Board of Trustees of House of Reform v. Lexington, 112 Ky. 171, 65 S.W. 350. In those cases, the private institutions or governmental agencies receiving the contribution made by the municipalities contracted to perform services for such municipalities but not in a manner calculated to embarrass the institution or governmental agency in the performance of any duty it should owe to the public in general. Since such contracts do not interfere with the public welfare, they do not contravene public policy; on the contrary, they are consonant with it. A different situation appears in the case before us. It is the duty of the state police to maintain law and order throughout the limits of the Commonwealth without favor to any particular locality; but the fact that a particular locality may benefit to a greater extent by reason of district headquarters being established therein is not sufficient to declare the establishment of such a district headquarters to be invalid. If, however, it should be held that a county could induce the state police to locate its headquarters in the county by making a contribution such as has been attempted by the fiscal court in this case, it is apparent that counties would bid against each other for the favor. Should such bids be recognized as inducements, the state police might be persuaded to establish headquarters in a county so remote from the center of population of the district and so inaccessible to other parts thereof as to curtail the efficiency of the department and its service to the public in general, although benefiting the inhabitants of the county presenting the highest bid. In the absence of such an inducement, the state police presumably would locate its district headquarters at a place in the district which best would serve the district and the state at large. The courts will not declare an implication of a power the exercise of which might contravene sound principles of public policy even though, as we believe to be true in this case, its exercise in one instance does not present the evil to be guarded against in general.
For the reasons assigned, we are of the opinion that the Chancellor erred in approving the right of the fiscal court of *10 Rowan County to make the appropriation for the purpose expressed.
The judgment is reversed with directions that it be set aside and that another be entered in conformity with this opinion.