Dr. Glenn Ray BAKER, Dr. Bruce Barton, Dr. Don Barton, Dr. C. William Briscoe, Dr. W. M. Buttermore, Dr. Frank Catron, Dr. Lee Durham, Dr. William D. Hacker, Dr. H. A. Hamilton, Dr. Jack Hollins, Dr. James Jackson, Dr. M. Jorjani, Dr. Leslie Karr, Dr. Jean M. Mackay, Dr. Raymond Ohler, Dr. Richard Park, Dr. Jagdish Patil, Dr. E. G. Prewitt, Dr. B. E. Sanderlin, Appellants,

v.

The CITY OF CORBIN, C. A. Martin, Elmer Wilson, Dan Marcum, Harold Helton, and R. C. Miller, Appellees.

Court of Appeals of Kentucky.

Sept. 30, 1977.

Allen C. Trimble, Forcht & Trimble, Corbin, for appellants.

Samuel S. Cannon, Corbin, for appellees.

Before HAYES, HOGGE and LESTER, JJ.

HAYES, Judge.

By an ordinance enacted on April 5, 1976, appellees, the City Commissioners of Corbin, increased the license fees paid by appellants, practicing physicians in Corbin. Appellants, thereafter, filed suit in Whitley Circuit Court seeking to invalidate this ordinance. The lower court upheld its validity, and that decision gave rise to this appeal.

Corbin City Ordinance No. 2895 raised fees for most occupations. The occupations were divided into classes with different fees for each. The increase, however, was not the same for all occupations. Although the average increase was between 20% and 40%, appellants' fees and those of other professions were increased 100%. Since their fees were increased more than other occupations, appellants contend that this action was arbitrary and not uniform, and as such, the ordinance violates § 2 and § 171 of the Kentucky Constitution.

License fees are authorized under § 181 of the Kentucky Constitution which provides the following:

> . . . The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions
>
> . . .

By enacting KRS 92.280(2), the legislature has delegated this licensing power to cities of the second to sixth class.

The exercise of this power, however, is subject to certain requirements. As stated in *Beavers v. City of Williamsburg*, 306 Ky. 201, 206 S.W.2d 938 (1948), those requirements are as follows:

> It is correctly stated by appellants that for the purpose of taxation, particularly taxation of occupations and businesses, classification must be based on reasonable distinction, uniform as to the class, and not excessive, arbitrary or prohibitive. *Link v. Commonwealth*, 205 Ky. 243, 265 S.W. 804.

The basis for these requirements is found in § 2 and § 171 of the Kentucky Constitution. Although this case involves an increase of a license fee rather than the initial imposition of that fee, the same requirements must be met. It is the opinion of this court that those requirements have been satisfied.

Generally, the reasonableness of the distinctions made is a matter within the discretion of the taxing body, *Beavers v.*

*City of Williamsburg, supra.* Appellants, however, contend that there is no rational basis for the distinction in this case. There is nothing in the record to indicate the reason for the distinction. Appellants present a reason which they consider to be the basis, but this court cannot consider it since no evidence is present to substantiate their claim. This matter, therefore, is more properly within the discretion of the appellees. A more thorough examination of the distinction is not required, since the ordinance in question did not create a special class for the purpose of imposing an additional tax burden as was the case in *City of Lexington v. Motel Developers Inc.,* Ky., 465 S.W.2d 253 (1971).

■ Although the amount of increase was not uniform as to all classes, this is not the test to be applied. The requirement which is set forth above, is that the tax be uniformly applied to all members of the class, *Hager, State Auditor v. Walker,* 128 Ky. 1, 107 S.W. 254 (1908). In the present case that requirement has been met since it applies to all members of appellants' profession.

■ In examining the excessiveness of a tax, the following test, which is set out in *Beavers v. City of Williamsburg,* is to be applied:

> The reasonableness, the validity of a taxing ordinance is to be measured not by the effect on any one individual, but by the effect on those of a class engaged in the same occupation or business sought to be subject to the tax. The test is whether the tax bears so heavily on a class, not isolated and exceptional individuals, as to be excessive.

> \*　\*　\*　\*　\*　\*

Ordinarily the reasonableness of a taxing ordinance lies with the taxing body, and we cannot inquire into reasons for its passage or interfere with that body's discretion, subject to the limitation that we may determine whether or not the tax imposed is so excessive as to be confiscatory or prohibitory . . .

There is nothing in the record before this court which would indicate that this increase is "so excessive as to be confiscatory or prohibitory". The judgment, therefore, is affirmed.

All concur.